JANE S. LANSING, Respondent, *v.* CHRISTOPHER B. LANSING, Appellant.

(GENERAL TERM, THIRD DEPARTMENT, JUNE, 1871.)

Payment of costs and alimony ordered to be paid in a final judgment, dissolving the marriage contract in a wife's suit for divorce, may be enforced by execution.

Proceedings as for contempt for neglect to make the payment as decreed, are not authorized in such case by section 285, of the Code.

APPEAL from a Special Term order. The facts are stated in the opinion of the court.

*J. H. Clute,* for the respondent.

*T. B. Mitchell,* for the appellant.

Present—POTTER, P. J., PARKER and LEARNED, JJ.

PARKER, J.   This is an appeal by the defendant from an order made at the Albany Special Term, March 28th, 1871, committing the defendant to close custody in the jail of the county of Schenectady, for an alleged contempt in not paying the costs and alimony which a final judgment in this case (which was an action for divorce on the ground of the defendant's adultery) ordered him to pay, there to remain 'until he shall pay the amount of $600, the fine imposed upon him by the court for such contempt; and the further sum of ten dollars, costs of the motion upon which the order was granted.

Proceedings, as for contempts to enforce civil remedies, and to protect the rights of parties in civil actions, are regulated by the statute (2 R. S., 534); and the cases in which such proceedings may be had, are therein specifically defined, and, as I think, limited.   As the statute now stands, it seems very clear that no proceedings as for contempts can be had, for the non-payment of any sum of money ordered by the court to be paid, in a case where, by law, execution can be awarded for the collection of such sum of money.

The language of so much of section 1 as applies to the question is as follows:   "Section 1. Every court of record shall have power to punish, by fine and imprisonment, or either.  *  *  *  Subdivision 3.   Parties to suits,  *  *  * for nonpayment of any sum of money ordered by such court to be paid, in cases where, by law, execution cannot be awarded for the collection of such sum."   (2 R. S., 534, § 1, sub. 3, 1st ed.)

Now the money, ordered by the court to be paid in this case, is for costs and alimony in a final judgment, in a suit by the wife against the husband for a divorce dissolving the mar-

Lansing v. Lansing.

riage contract, by reason of the adultery of the latter. There can be no doubt that by law an execution can be awarded for the collection of the money thus ordered to be paid.

The provision of the Code is as follows: " Section 285. Where a judgment requires the payment of money, or the delivery of real or personal property, the same may be enforced in those respects by execution as provided in this title. Where it requires the performance of any other act, a certified copy of the judgment may be served upon the party against whom it is given, or the person or officer who is required thereby, or by law, to obey the same, and his obedience thereto enforced. If he refuse, he may be punished by the court as for a contempt."

These provisions are substantially the same as existed before the Code; and in the title of the Revised Statutes on the subject of contempt, above referred to, a like distinction between orders of the court for the payment of money, and orders in other cases, is observed. (3 R. S., 850, 851, § 4, (as modified, 1847; chap. 390, §§ 2 and 3, and § 5, 5th ed.)

It is not necessary, then, to resort to the provision of the statute on the subject of divorce, which allows the court to sequester the estate of the defendant, to obtain the alimony decreed to be paid by him (2 R. S., 148, § 60, 1st ed.), and to claim that such sequestration is substantially an execution against property, as the plaintiff's counsel supposed defendant was driven to claim, and argued against. The section of the Code above referred to is a specific authority to issue execution for the collection of the money in question. The Revised Statutes contained a similar authority. (2 R. S. 183, § 104, 1st ed.)

From the statutory provisions above cited, it is clear, I think, that the attachment for the non-payment of the costs and alimony in this case was unauthorized, because an execution can be awarded for their collection; and by subdivision 3, above cited, such cases are excepted from those in which a party may be punished as for a contempt for the non-payment of money.

It is argued that by subdivision 8, of section 1, above referred to (2 R. S., 534, § 1, subdivision 8), attachments are retained in all cases where attachments and proceedings as for contempts have been usually adopted and practiced in courts of record, to enforce the civil remedies of any party to a suit in such court, or to protect the rights of any such party. If they have ever been practiced to enforce the payment of alimony ordered in a final decree to be paid (and I think they have not) ; still subdivision 8 does not reach this case. It is only to all *other cases* than those spoken of in the preceding subdivisions of the section, that subdivision 8 applies. Subdivision 3 had already disposed of the case of the non-payment of money.

Nor can this attachment be supported upon the ground taken by the plaintiff's counsel, that sequestration is a mode of punishing for contempt. If that is so, the punishment is not by imprisonment of the person, but by a seizure and holding of the property of the defendant, and neither involves nor implies the issuing of an attachment.

I think the attachment was unauthorized, and the order directing it should be reversed with ten dollars costs.

POTTER, J., concurred.   LEARNED, J., dissented.

Order reversed.