## CORNELIA PARK, RESPONDENT, *v.* RICHARD H. PARK, APPELLANT.

*Divorce — Final alimony.— when awarded without notice — right to, and ability to furnish it at what time to be determined.*

Where an action for divorce is commenced by the service upon the defendant of a summons alone, and he neglects to appear therein, the judgment may award final alimony, if demanded in the complaint, without any notice being given to him of the application to be made therefor.

The right of the wife to final alimony, and the ability of the husband to furnish it, are to be determined by the situation and condition of the parties at the time of the entry of final judgment, and is not to be modified by any subsequent change in the situation of either party.

APPEAL from an order of the Albany Special Term adjudging the defendant guilty of a contempt, and committing him to the county jail until the costs and expenses of the proceedings, the amount of which was imposed as a fine for his misconduct, should be paid, and he should give the security required by the order for the payment to the plaintiff of the alimony awarded to her by the final decree in action for divorce brought by her.

*Edward C. Ripley*, for the appellant.

*Sam. Tro. Smith*, for the respondent.

LEARNED, P. J.:

The first point urged by the defendant is that the judgment should have contained no award of final alimony, because no

notice of an application therefor had been served on him. The defendant was sued by the service of a summons alone; and he neglected to appear. He was not entitled to any further notice. The only restriction is that the judgment cannot exceed that which is demanded in the complaint. (Old Code, sec. 275.) There is no evidence that this judgment did exceed the demands of the complaint. And there is no motion to vacate or modify it.

The judgment appears to have been granted upon a report of a referee upon proofs filed. It adjudges a dissolution of the marriage and awards the plaintiff final alimony of $300 per annum. It adjudges that the defendant give security to the clerk, to be approved by one of the justices, for the payment of this alimony. The court had authority to require such security. (2 R. S. 148 [m. p.], sec. 60; *Forrest* v. *Forrest*, 6 Duer, 104.)

This judgment was granted in 1868; though by some negligence the roll seems not to have been perfected until 1877. Thereupon, on affidavits, showing that no part of the alimony had been paid and that the defendant, in violation of the judgment, had assumed to contract another marriage, and that he was in receipt of large sums of money, an attachment was issued against the defendant. On the return of the attachment interrogatories were filed, to which the defendant put in his answers; and thereupon it was referred to a referee to take proof of the ability of the defendant to give security for the payment of alimony. Proof was thereupon taken before the said referee and was reported to the court. On the hearing of the proof and of the answers to the interrogatories, and on the hearing of affidavits to vacate the attachment, the court denied the motion to vacate: held that the defendant was guilty of contempt; that he should pay a certain sum, adjusted for costs of the proceedings, and should give a bond in the penalty of $3,000 to secure the future alimony aforesaid; and that he be committed until he pay these costs and give such bond. From this order the defendant appeals.

In the case of *Kamp* v. *Kamp* (59 N. Y., 212) the court decided that the final decree in an action for divorce determines conclusively the right of the parties in regard to alimony; that the claim of the wife for support is to be determined by her situation and the ability of her husband at the time of making

the decree, and is not to be subsequently modified by a change in the situation of either party. We must, therefore, hold that the defendant in this case was able, and is bound, to pay the alimony and to give the security required by the judgment. That was conclusively settled by the judgment.

The amount of that security was not mentioned in the judgment; but it was to be "approved by one of the justices of the court." This must mean that the amount and form and sufficiency were to be so approved. On a hearing of both parties the learned justice approved the amount of $3,000.

In regard to the collection of final alimony it was decided in *Lansing* v. *Lansing* (4 Lans., 377) that it was to be collected by execution. It is not explained however in that case how a judgment for final alimony is to be docketed — whether or not, a new docket is to be made every time the annual or semi-annual alimony becomes payable. And as a judgment is made a lien only for ten years from the filing of the roll and docketing, it is not clear how, after ten years from the judgment, the amounts of alimony are to be docketed so as to be a lien on land. And docketing is necessary before the issue of execution. (Code, secs. 287, 282.) Besides, after the lapse of five years from the entry of judgment, execution is to issue only by leave of the court granted on notice. (Sections 283, 284.) How this provision is to apply to alimony is not explained in that decision.

At any rate it was wisely provided that the court might require the defendant to give security, so as to protect the injured wife against the improvidence of the guilty husband. And where the judgment requires the performance of any other act than the payment of money, or the delivery of real or personal property, a certified copy is to be served on the party. And if he refuse to obey he may be punished by the court as for contempt. (Code, section 285.) This general provision of the new practice cannot be prevented from applying to this judgment by reason of the provisions for sequestration in 2 Revised Statutes (m. p.), 148, section 60.

It appears, then, by the defendant's answer to the interrogatories that, on the 9th of November, 1877, he was served with a certified copy of the judgment; and that a written demand was made of him that he should give the security, and that he did not give

the same. The defendant's reason for not giving the security, as he states, is his inability to do so. In *Kamp* v. *Kamp* (*ut supra*) it was said that the husband could not claim exemption from payment on account of subsequent losses sustained. But where proceedings are taken to punish a person as for contempt, in not doing an act required by the court, the court may relieve the party from fine or imprisonment in case of inability to perform. (2 R. S. [m. p.], 538, sec. 20, as amended Laws of 1843, chap. 9.) And from this it would follow necessarily that if the party is unable to do the act required no fine or imprisonment should be imposed. It was in this view of the case that a reference was ordered and proofs taken. On these proofs the Special Term was satisfied of the defendant's ability.

To examine the proofs briefly, in order to see if the defendant has excused himself, we find that he is a sculptor ; that since his divorce he has married again and has been living in Italy, having apartments at the rate of $120 per month and a studio at $200 per year ; that he returned to this country in 1876 ; that he brought three pieces of statuary before the centennial exhibition ; and thirteen which were in that exhibition, and six since ; that he has made some six busts and medallions here. He sold one piece for $735, one for $350, one for $2,150, one for $800. The statuary which he had at the centennial was mortgaged for about $4,000 ; being for his material and labor. So that he had received payment for his labor thereon in advance. He has been boarding at the Park Avenue Hotel, in New York, with his present wife, and hires a studio in New York at ten dollars per month and at Syracuse at sixteen dollars per month. He does not remember, as he says, how much the statuary sold for which he had at the exhibition, but it was sold. His expenses at the exhibition were about $1,500, and since then from twenty to twenty-five dollars per week. In Italy he had thirteen rooms and from one to five hands at work. Since returning to this country he has rented some of his rooms there and received the rent for the same. The defendant has supported a sister for some three years, and is supporting his present wife.

Now when we look at these facts, taken principally from the defendant's own testimony, to see whether they furnish any excuse

for his failure to obey the judgment of the court and to give security as by said judgment required, we think them insufficient. He seems to have entirely disregarded the rights of the plaintiff; to have neglected the duty he owed to her; to have assumed, in violation of the judgment of the court, other duties and to have been in the receipt of considerable amounts of money. A single piece of statuary which he made sold for two-thirds of the amount required for his bond. It is not easy to believe that he is unable to perform the judgment of the court.

The order should be affirmed, with costs.

Present — LEARNED, P. J., BOARDMAN and FOLLETT, JJ.

Order affirmed, with ten dollars costs and printing disbursements.