By the Court.—Sedgwick, J.
This was an action for divorce a vinculo. In 1871 the plaintiff had judgment in her favor, among other things, ordering and adjudging that the defendant pay to the plaintiff, there *359 after, $25 each week for her support. This was paid until 1878, when there were arrears. On August 21, 1878, the plaintiff entered a judgment against defendant, in the sum of $576, as the arrears of the alimony. No question is made, on this appeal, of the regularity of either judgment. An execution against the property of the defendant was returned unsatisfied, and he was examined in proceedings supplementary to the execution. His examination did not show that he had money or property, which the court could order him to apply to the judgment.
On all the proceedings, and a demand and refusal to pay, the defendant was ordered to show cause “ why he should not be punished for his misconduct in disobeying ” the order “ and judgment of this court by not paying the alimony, by said order and judgment directed to be paid to plaintiff, and why he should not give security for the future payment of said alimony.”
The order made thereupon was, that the defendant pay to the plaintiff, “ within ten days after the service of a certified copy of this order upon him, the alimony due and owing under the judgment of July 28,1871, from August 18, 1878, to the date of this order, to wit, the sum of $775. That from and after the date of this order and until the further order of this court, he pay to the plaintiff or her attorney, for and on account of the alimony directed to be paid by the judgment of July 28, 1871, the sum of $600 annually, in weekly payments, said payments to be on the Tuesday of each week; and that he give security for the future payment of said $600; and in default thereof, that an attachment issue, punishing said defendant as for a contempt of court.”
The final judgment was for the payment of money, by the defendant to the plaintiff. The money to be paid was not a specific fund. It was not to be paid to the court or to an officer of the court. If the court had *360 exercised, at the time of final judgment, the power it possessed, of requiring the defendant to give reasonable security (3 R. S. 6 ed. 159; 2 R. S. 148, § 60), the provision in that respect would not have been a part of the judgment in the true sense, but only a means of enforcing the judgment.
The judgment might have been enforced by execution, and for that reason the court had no power to enforce it, in case of .disobedience in not giving the security or in not paying the money, by commitment for contempt (Code Civ. Pro. §§ 14, 1241). Evidently the court could not order the giving security only for the purpose of permitting the plaintiff to say that the disobedience was to an order that required security to be given, and was, therefore, for the doing of something else than the payment of money. The only ground, for a judicial direction is, either that such is the right or such the legal means of enforcing the right. Now, the statute, in permitting the court to require reasonable security, as a means of enforcing the order or judgment, does not permit a commitment for contempt; and the only result, incase of disobedience, is the application, through sequestration, of defendant’s property to the payment of . the allowance (see R. S., cited above). Lansing v. Lansing (4 Lans. 377) suggests all that has been said.
Moreover, if the consequence of disobedience is to be imprisonment, it is of the very first importance that the mandate be clear and definite. The order should specify the kind and quantity of the security ordered.
Order reversed, with $10 costs, and disbursements to be taxed.
Freedman, J., concurred.