By the Court.—Sedgwick, J.
A judgment having been made that defendant pay certain sums as alimony, and the defendant not having paid them, proceedings were taken to enforce the judgment by declaring him in contempt for this non-payment. An order was made directing him to pay the alimony, *219 “ and that he give security for the future payment of said $600, and in default thereof, that an attachment issue, punishing said defendant as for a contempt of court.” On appeal, this order was reversed and the respondent makes this motion for a re-argument, on the ground that since the decision the court of appeals has held in Park v. Park (9 Week. Dig. 391), that a judgment for the payment of alimony can be enforced by proceedings for contempt. The manuscript of the opinion of Judge Miller, in Park v. Park, has been handed up.
The case of Park v. Park is not at variance with the decision in this case. This court held that the judgment for the payment of alimony could be enforced by execution, and therefore the court had not power to enforce it by proceedings for contempt. In Park v. Park, the judgment directed that the defendant “pay and give security for the payment of the allowance granted to the plaintiff.” The court of appeals held that the court had power to enforce this by attachment and imprisonment, under the last clause of the 3d subdivision of the 14th section of the Code of Civil Procedure. That section gave the court power to punish by fine and imprisonment in the case of “a party to the action . . . . for the non-payment of a sum of money ordered or adjudged by the court to be paid, in case where, by law, execution cannot, be .awarded for the collection of such sum or for any other disobedience to a lawful mandate of the court.” Judge Miller said, “ The proceeding is for disobedience of an order of the court, to compel the defendant to furnish the security required by the decree, and the final order of the special term provides for this as to future alimony. The provision that execution may issue does not interfere with the order that security be furnished.” The sum of the opinion is that, incase of judgment for payment of alimony, and that security be given, *220 although execution may be issued for the collection of the alimony, and therefore a party cannot be attached or committed for non-payment; yet, as the giving security cannot be enforced by execution, it, may be enforced by proceedings for contempt.
In this case, the order, made after final judgment, and which ordered “that he give security for the future payment of said $600,” was not a part of the judgment or a modification of it. It did not purport to be either, nor did any part of the proceeding disclose an intention on plaintiff’s part to move for a modification of the judgment. If the result had been an order which, on its face, modified the final judgment, this court would have been called upon to decide whether a final judgment could be modified by the proceeding that was taken. The proceeding, unless viewed as a means of enforcing the judgment, was an independent one, to compel payment of alimony, and the court had no power to entertain it.
The opinion of the supreme court in Park v. Park (25 Sup'm. Ct. 469) sustained the proceedings on the ground that the defendant had not complied with the direction of .the judgment, that security be given ; and, while it questioned, did not reverse, but assumed the correctness of the decision of Lansing v. Lansing (4 Lans. 377).
Motion for re-argument denied, with $10 costs and the disbursements.
Curtis, Ch. J., and Freedman, J., concurred.