HARRIET E. STEVENSON, APPELLANT, *v.* WILLIAM
STEVENSON, RESPONDENT.

*Judgment for divorce — a provision made therein for the wife's support is liable to be
seized by her creditors.*

In 1855 the plaintiff recovered a judgment for a limited divorce against the
defendant her husband, which required him to pay to her, for her support
and maintenance during life, the sum of fifty dollars on each fifth day of
January and July, and which further provided that the plaintiff should have
execution therefor from time to time, as often as the said payments became
due and remained unpaid, as well as her remedy by attachment for any dis-
obedience of the judgment. In 1883 a receiver was appointed in proceedings
supplementary to execution, instituted upon judgments recovered against the
plaintiff in 1880.

*Held,* that the receiver became vested upon his appointment with the right to
receive the payments to fall due in the future under the terms of the judg-
ment of divorce, and that upon paying the same to him the defendant was
discharged from all obligations to pay such amounts to the plaintiff.

APPEAL from an order made at a Special Term, upon the hearing
of an application to set aside two executions issued against the
defendant.

September 13, 1855, the plaintiff recovered a judgment against
the defendant separating the parties to the action "from bed and
board forever," and adjudging that the defendant should pay
to the plaintiff, for "her support and maintenance during her life,"
fifty dollars on each fifth day of January and July, and that the
plaintiff have "execution from time to time as often as said semi-
annual payments shall become due and remain unpaid, as well as
the remedy by attachment for any disobedience of this judgment."
The defendant paid without process the sums payable until July 5,
1883, when he paid the plaintiff but twenty dollars of the sum then
due.

July 16, 1880, one Clark recovered against Mrs. Stevenson two
judgments, one for $234.98 and the other for $364.71. Executions
were duly issued upon said judgments, and returned wholly unsat-
isfied. In September, 1883, proceedings supplementary to execu-
tion were duly instituted against Mrs. Stevenson on the judgment
for $234.98, and the defendant was duly ordered to appear and be

examined, pursuant to section 2441 of the Code of Civil Procedure. Upon the examination it appeared that he owed Mrs. Stevenson thirty dollars, part of the fifty dollars due July 5, 1883.   October 24, 1883, an order was made, pursuant to section 2446 of the Code of Civil Procedure, permitting the defendant to pay to the sheriff said thirty dollars, in discharge of such indebtedness, which was paid October 27, 1883.   November 5, 1883, a receiver of all the property and equitable interests of Mrs. Stevenson was duly appointed, who duly qualified and entered upon the discharge of his duties.   December 10, 1883, the sheriff, pursuant to section 2449 of the Code of Civil Procedure, was directed to pay said thirty dollars to the receiver, which was done. In December, 1883, proceedings supplementary to execution were instituted on the judgment for $364.71, and the receivership was extended to said judgment.   January 10, 1884, the defendant paid to the receiver the fifty dollars due January 5, 1884, under the judgment in favor of Mrs. Stevenson.   January 10, 1884, two executions were issued in favor of Mrs. Stevenson against her husband ; one directing the sheriff to collect thirty dollars, and interest from July 5, 1883, and the other fifty dollars, and interest from January 5, 1884.   The husband moved to set aside the executions on the following grounds : 1. That more than five years had elapsed since the entry of the final judgment upon which the executions were issued, and that leave had not been granted for their issuance.   2. That nothing was due upon the judgment.

The Special Term set aside the execution for the collection of fifty dollars, and refused to set aside the one for thirty dollars. Mrs. Stevenson appealed from the part of the order setting aside the execution for fifty dollars.   The defendant Stevenson did not appeal.

*John Lansing,* for the appellant.

*George F. Hooker,* for the respondent.

FOLLETT, J. :

At common law (since the statute of 13 Edward I, permitting lands to be taken on execution) all of a debtor's property, except necessary wearing apparel, might be taken to pay the claims of creditors.   So might all rights of action arising from contract, and also judgments recovered for the wrongs of others.

The exceptions to this general rule exist solely by virtue of the statutes of exemptions, and no statute has been cited exempting alimony or the separate maintenance of a married woman. It has been held that the separate maintenance of a married woman secured by her husband, they living apart, may be reached by a bill in equity by the creditors of the wife. (*Kenge* v. *Delavall*, 1 Ver., 326; *Lillia* v. *Airey*, 1 Ves., Jr., 277.) In *Ex parte Bremner* (L. R., 1 P. & D., 254) it was held that an attorney's lien attached to alimony. It is difficult to see why the creditors have not the same right to pursue a separate maintenance secured by judgment that they have to pursue one secured by deed No case has been cited or found in which this precise question has been determined, but remarks of judges in the reports may be found indicating that alimony and separate maintenance stand on the same footing.

In *Hunt* v. *De Blaquiere* (5 Bing., 560) PARK, J., says : " No distinction can be drawn between maintenance under a separation deed and maintenance by virtue of a decree for alimony."

In *Burr* v. *Burr* (7 Hill, 213) NELSON, Ch. J., says : " The same power that can vest her with an absolute separate interest in a portion of the husband's estate, can enable her to dispose of it as she may think proper."

At the time the judgment in this case was entered and at the time the proceedings were had, the statute gave married women the absolute control of their separate estates and rendered them liable for their debts. After judgment awarding alimony the plaintiff acquires a vested right to the sum which is not divested by her remarriage. (*Shepherd* v. *Shepherd*, 1 Hun, 240; affirmed 58 N. Y., 644; *Park* v. *Park*, 18 Hun, 466 ; affirmed 80 N. Y., 156.)

The only statutes under which it is claimed that the sums falling due under this judgment are exempt from the claims of creditors are sections 1879 and 2463, Code Civil Procedure, which exempt from the reach of creditors, by bill or by supplementary proceedings, " any money, thing in action, or other property held in trust for a judgment debtor, where the trust has been created by, or *the fund so held* in trust has proceeded from a person other than the judgment debtor." The trusts above referred to are the express trusts authorized by the statutes. No property has been

set apart by a donor for a particular purpose, no property held by a trustee from which the annual payments are derived. A legal estate is not vested in one and an equitable estate in another, and no confidence is, or has been, reposed by any one in another.

The judgment and the relation of the parties to it, and to each other, are insufficient to create the semblance of an express trust. This judgment, by the law in force when it was entered, was enforceable by execution. (2 R. S., 183, § 104; *Lansing* v. *Lansing*, 4 Lans., 377; *Miller* v. *Miller*, 7 Hun, 208.)

A judgment directing the payment of a sum of money is assignable. (Code Civ. Pro., §§ 1910, 1912.)

It might often prove a great hardship should a divorced wife be unable to procure credit on the strength of her judgment for alimony, and quite as great a hardship to the creditor, who, having advanced money upon the faith of the judgment, should be unable to enforce his demand. The judgment is a charge, a legal lien, enforceable by execution, as the plaintiff sought to enforce it, and which, by the way, is an unusual remedy for the enforcement of a trust.

While it may be that the separate maintenance of a wife (living apart from her husband), secured by deed through a trustee, is exempt under the sections of the Code above quoted (thus changing the rule which existed before those sections), still those sections are not broad enough to exempt alimony in which she alone is interested, and arising from a judgment. The fifty dollars due January 5, 1884, was a debt. (*Howard* v. *Howard*, 15 Mass., 196.) It was but an incident resulting from the judgment, and is no more exempt as property acquired after the entry of the order than rent falling due on a lease for the life of, and held by, the debtor. It follows that the receiver acquired title to these sums, and the payment of them by the defendant to the receiver discharged his liability, and the execution was properly set aside.

The order is affirmed, with costs and disbursements.

HARDIN, P. J., concurred; MERWIN, J., not voting.

Order affirmed, with ten dollars costs and disbursements.