Staples vs. Staples.

STAPLES, Respondent, vs. STAPLES, Appellant.

*April 12 — May 1, 1894.*

*Contempt: Failure to pay alimony: Imprisonment.*

1. Contempt proceedings will lie to compel payment of instalments of alimony ordered to be paid in the future by a final judgment of divorce.

2. Imprisonment should not be ordered in such a case if the default is the result of honest inability to pay, without fault on the part of the defendant; but where the inability is wilfully brought about by defendant himself, with intent to avoid payment, he may be imprisoned.

3. The imprisonment in such a case may be under sec. 3479, R. S., and is not necessarily limited to six months under sec. 3492.

APPEAL from the Circuit Court for *Juneau* County.

Contempt proceedings. On March 25, 1892, plaintiff obtained a judgment of divorce *a vinculo* against the defendant. By the judgment the plaintiff was awarded the custody of an infant child, and the title of certain real estate of the defendant was transferred to the plaintiff; and

defendant was adjudged to pay plaintiff, as alimony, $150 annually, in equal quarterly instalments, also the sum of $32, temporary alimony, which had been ordered *pendente lite*, but had not been paid.

The defendant paid none of the sums, and in September, 1893, upon certain affidavits, a motion was made that defendant be punished for contempt in not paying said sums, the whole amount then due being $257. The affidavits showed due demand and the defendant's refusal to pay; also, that he stated in foul and abusive language that he should never pay anything on the judgment; that defendant is a strong, able-bodied man, and runs a large farm, keeping a large stock of cattle and horses, but claims that he is doing it all for his mother.

The defendant filed an affidavit showing that he had no property, real or personal, but that he was in debt and could borrow no money. He did not deny that he was an able-bodied man, nor that he was running a farm, nor did he deny that he had stated he would never pay anything on the judgment.

Upon these affidavits the circuit court made an order reciting that the defendant had in no way controverted the fact of his ability, as an able-bodied man, to earn and accumulate money, and finding that he was guilty of contempt in refusing to pay the amounts due under the judgment, and ordering that he be committed to jail until he should pay said sum of $257 and costs, unless sooner discharged by the court. From this order defendant appealed.

*W. S. Stroud*, for the appellant, contended, *inter alia*, that a judgment for alimony may be enforced like other money judgments. Sec. 2367, R. S.; *Keyes v. Scanlan*, 63 Wis. 345. It may be enforced by supplementary proceedings. *Barker v. Dayton*, 28 Wis. 367. Proceedings for contempt for nonpayment of alimony are in contravention of

subd. 3, sec. 3477, R. S. *Lansing v. Lansing*, 4 Lans. 377; *Gane v. Gane*, 46 N. Y. Super. Ct. 218; *Gane v. Gane*, 45 id. 355; *North v. North*, 39 Mich. 67; *Segear v. Segear*, 23 Neb. 306; *People ex rel. Borst v. Grant*, 41 Hun, 351; *Coughlin v. Ehlert*, 39 Mo. 285; *Haines v. Haines*, 35 Mich. 138; *Miller v. Miller*, 7 Hun, 208; *Jacquin v. Jacquin*, 36 id. 378. The fact that it is within the power of the defendant to pay the amount due on the judgment is a condition precedent to the order that he be imprisoned for failure to pay the same. *Wright v. Wright*, 74 Wis. 439; *Mahon v. Mahon*, 50 N. Y. Super. Ct. 92; *Whitney v. Whitney*, 58 id. 335; *Anonymous*, 18 Abb. N. C. 216.

*H. W. Barney*, for the respondent, to the point that judgment for alimony may be enforced by proceedings for contempt, cited *Park v. Park*, 80 N. Y. 156; *S. C.* 18 Hun, 466; *Ex parte Perkins*, 18 Cal. 60; *Ex parte Cottrell*, 59 id. 417; *Lyon v. Lyon*, 21 Conn. 185; *Goss v. Goss*, 29 Ga. 109; *Blake v. People*, 80 Ill. 11; *Andrews v. Andrews*, 69 id. 609; *Wightman v. Wightman*, 45 id. 167; *Russell v. Russell*, 69 Me. 336; *Strobridge v. Strobridge*, 21 Hun, 288; *Pritchard v. Pritchard*, 4 Abb. N. C. 298; *Grove's Appeal*, 68 Pa. St. 143; *Wright v. Wright*, 74 Wis. 439; *In re Wilson*, 75 Cal. 580: *Wallen v. Wallen*, 9 Lanc. L. Rev. 99; *Ex parte Hart*, 94 Cal. 254; *Ex parte Gordon*, 95 id. 374; *Hand v. Hand*, 25 Weekly L. Bul. 214; *Andrew v. Andrew*, 62 Vt. 495; *Curtis v. Gordon*, id. 340; *Potts v. Potts*, 68 Mich. 492.

WINSLOW, J. The broad ground is taken by the appellant that the court has no power to enforce, by contempt proceedings, payment of permanent alimony ordered to be paid by a final judgment of divorce. His premises are: First. A judgment for alimony may be enforced by execution. Sec. 2367, R. S. Second. Contempt proceedings for the nonpayment of money are only authorized where execution cannot be awarded. Subd. 3, sec. 3477, R. S. Hence,

in the present case, the judgment for alimony being capable of enforcement by execution, contempt proceedings will not lie.

Were the judgment here a judgment for a gross sum, payable at once, it might undoubtedly be docketed as a money judgment, and execution might issue to enforce it. *Keyes v. Scanlan*, 63 Wis. 345. In that case the argument would be strong that contempt proceedings could not be resorted to, and the position would not be without authority. *Lansing v. Lansing*, 4 Lans. 377. This decision, however, has been seriously questioned in New York. *Strobridge v. Strobridge*, 21 Hun, 288. But conceding the correctness of the doctrine, it cannot apply to the present case. Execution can be issued only on a judgment which has been docketed. R. S. secs. 2968, 2969. It does not appear in the present case that any judgment has been docketed for any of the instalments of alimony. In fact, there seems to be no provision of law for such docketing. A judgment is to be docketed at the time of filing the judgment roll. Sec. 2899, R. S. The remarks of the court in *Park v. Park*, 18 Hun, 466, upon this point, are quite pertinent. It is there said: " It is not explained, however, in that case [referring to *Lansing v. Lansing, supra*], how a judgment for final alimony is to be docketed,— whether or not a new docket is to be made every time the annual or semi-annual alimony becomes payable. And as a judgment is made a lien only for ten years from the filing of the roll and docketing, it is not clear how, after ten years from the judgment, the amounts of the alimony are to be docketed so as to be a lien on land. And docketing is necessary before the issue of execution. Besides, after the lapse of five years from the entry of judgment, execution is to issue only by leave of the court, granted on notice. How this provision is to apply to alimony is not explained in that decision." This reasoning was concurred in by the court of appeals in the same case. *Park v. Park*, 80 N. Y. 156.

Staples vs. Staples.

Our conclusion is that contempt proceedings will lie to compel payment of instalments of alimony ordered to be paid in the future by a final judgment of divorce.

It is true that the remedy is severe and harsh. Imprisonment certainly should not be ordered when it appears that the default is the result of honest inability to pay, on account of business misfortunes, or lack of health or earning ability, or other circumstances which are not the fault of defendant. But where the inability is wilfully brought about by defendant himself, with intent to avoid payment, the refusal to pay becomes contumacious, and the inability so resulting will not purge the defendant of contempt. The present case seems clearly one of contumacious refusal to pay. It stands admitted that the defendant, in abusive language, has refused to pay, and declared his intention never to pay, any part of the judgment, notwithstanding he is a strong, able-bodied man and engaged in an occupation which must, in the natural course of things, bring him considerable returns. He has defied the order of the court, and, in effect, declared his intention to continue such defiance, whatever his financial condition may be. We think that in such a case imprisonment for contempt may be inflicted. The question of whether or not the act is contumacious is one which the trial court has far better opportunity to determine than this court. We regard the order of the trial court in this case as practically a decision that the act of the defendant is contumacious, and the record leads our minds to the same conclusion. It was argued that the imprisonment should be limited to six months, under R. S. sec. 3492. It is sufficient to say that the order is plainly made under sec. 3479, R. S., and that it is justified under the terms of that section.

*By the Court.*— Order affirmed.

NEWMAN, J., took no part.