ZUEHLS, Respondent, vs. ZUEHLS, Appellant.

*March 16—April 12, 1938.*

474

The cause was submitted for the appellant on the brief of *Barber, Keefe, Patri & Stillman* of Oshkosh, and for the respondent on that of *C. B. Wegner* of Fond du Lac.

WICKHEM, J. As heretofore appears, the judgment of divorce made two distinct awards to plaintiff aside from providing for a dissolution of the marital status. Defendant was ordered to pay plaintiff $500, the value of a ring belonging to her and converted by him. He was also ordered to

pay the sum of $247 temporary alimony in arrears, together with attorney's fees and costs. Since the judgment appealed from permitted plaintiff to purge the contempt by payment of back alimony and costs, the provisions in the judgment with reference to payment by defendant to plaintiff of the value of the ring are not involved except for their connection with defendant's contention that these provisions constituted a division of estate and rendered the alimony order irregular and void.

We are satisfied that this contention is without merit. It is true that it has been held that if the judgment provide for a division of estate, an alimony order included therewith would be void. *Lally v. Lally,* 152 Wis. 56, 138 N. W. 651; *Wacker v. Wacker,* 199 Wis. 197, 225 N. W. 749. Under this rule, however, the fact that the judgment recites that "the foregoing constitutes a final division of property between the parties hereto," is a mere label and is not conclusive if from the record it can be ascertained that there was in fact no division of property. *Kempster v. Evans,* 81 Wis. 247, 51 N. W. 327; *Palica v. Palica,* 114 Wis. 236, 90 N. W. 165; *Lally v. Lally, supra.* We deem it unnecessary to determine whether an amendment in 1935 to sec. 247.26, Stats., substituting the word "and" for the word "or" has abrogated the rule that alimony and division of estate may not both be included in the judgment. It is manifest that the judgment did not constitute a division of estate but a mere order that defendant pay plaintiff the value of her property converted by defendant to his own use. This is done as a matter of course in divorce actions. *Pauly v. Pauly,* 69 Wis. 419, 34 N. W. 512. It does not constitute a division of estate as defined by sec. 247.26 for the reason that it makes no attempt to divide the husband's estate, but merely provides for restitution of the wife's separate property. See *Lally v. Lally, supra.*

We now approach the most difficult question raised by defendant. The final judgment ordered payment in a single gross sum of temporary alimony which was in arrears at the time of the entry of judgment. It is contended that execution for this sum could be had and that sec. 295.01·(3), Stats., is applicable. This section reads as follows:

"Parties to actions, attorneys, counselors and all other persons for the nonpayment of any sum of money ordered by such court to be paid in cases where by law executions cannot be awarded for the collection of such sum; and for any other disobedience to any lawful order, judgment or process of such court. And the powers of such court to punish, as in this chapter provided, for nonpayment of money may be exercised by the judge or judges thereof in vacation."

This provision, evidently taken from New York, was passed upon in *Lansing v. Lansing,* 4 Lans. 377. In this case it was held that under such a statute,—

"It seems very clear that no proceedings as for contempts can be had, for the nonpayment of any sum of money ordered by the court to be paid, in a case where, by law, execution can be awarded for the collection of such sum of money."

The court declined to allow the remedy of contempt where a gross sum had been ordered paid to plaintiff by the final decree of divorce. The court also considered the force and effect of the New York equivalent of sec. 295.01 (8),. Stats., which reads as follows:

"All other cases where attachments and proceedings as for contempts have been usually adopted and practiced in courts of record to enforce the civil remedies of any party or to protect the rights of any such party."

With respect to this statute, the court said:

"It is argued that by subdivision 8, of section 1, above referred to, attachments are retained in all cases where

attachments and proceedings as for contempts have been usually adopted and practiced in courts of record, to enforce the civil remedies of any party to a suit in such court, or to protect the rights of any such party. If they have ever been practiced to enforce the payment of alimony ordered in a final decree to be paid (and I think they have not) ; still subdivision 8 does not reach this case. It is only to all *other cases* than those spoken of in the preceding subdivisions of the section, that subdivision 8 applies. Subdivision 3 had already disposed of the case of the nonpayment of money."

In other words, the court in the *Lansing Case* held that provisions substantially like those of sec. 295.01 (8), Stats., which sought to preserve the remedy of contempt in all other cases where such proceedings have usually been attached and practiced did not affect or modify provisions of a statute substantially similar in its terms to sec. 295.01 (3) providing for contempt proceedings only in cases where execution could not be had.

In *Strobridge v. Strobridge,* 21 Hun (N. Y.), 288, the soundness of the *Lansing Case* was questioned, although the point was not directly involved. It was, however, intimated that the "extending of the use of the writ of execution to courts of equity did not deprive them of any remedy previously employed for the enforcement of their decrees."

In *Park v. Park,* 18 Hun (N. Y.), 466, the *Lansing Case* was again questioned upon the ground that there were no provisions for docketing a judgment for alimony, and that execution cannot be had upon a judgment until it is docketed. This view was sustained by the court of appeals in *Park v. Park,* 80 N. Y. 156.

The question first arose in this state in *Staples v. Staples,* 87 Wis. 592, 58 N. W. 1036. There the final decree ordered payment of alimony in instalments and defendant took the same ground taken by the defendant in the *Lansing Case* that execution could issue and that therefore under the pro-

visions of sec. 295.01 (3), Stats., contempt proceedings would not lie. The court said that if this had been a judgment for a gross sum it could have been docketed and execution issued, and that, had this been the situation, a strong argument backed by the authority of the *Lansing Case* could have been made to the effect that the judgment could not be enforced by contempt. After pointing out that the soundness of the *Lansing Case* had been questioned in its own jurisdiction, this court took the position that, where the alimony ordered by the final decree was payable in instalments, the judgment could not be docketed, there could be no execution, and the doctrine of the *Lansing Case* would not apply. Thus, the question whether the rule of the *Lansing Case* would be followed in Wisconsin where the final judgment awards as alimony a single gross sum is not foreclosed by the *Staples Case* and has never been passed upon by this court.

While the matter is not without considerable difficulty, we have come to the conclusion that, where a final judgment of divorce awards a single gross sum as alimony, the provisions of sec. 295.01 (3), Stats., are applicable for the reason that execution may be had for the sum awarded and therefore the contempt will not lie for a failure to pay. The case of *Weber v. Weber*, 153 Wis. 132, 140 N. W. 1052, indicates the means by which the court may keep within its control by contempt proceedings enforcement of the payment of temporary alimony. In that case the trial court did not include the arrears in alimony in the final judgment but made a separate order for its payment. By so doing the provisions of sec. 295.03 are made applicable. This section provides:

"When any order of the court or a judge shall have been made requiring the payment of costs or any other sum of money and proof by affidavit shall be made of the personal demand of such sum of money and of a refusal to pay it the court or judge may issue a warrant to commit the person so

disobeying to prison or a house of correction until such sum and costs and expenses of the proceedings shall be paid. Where an order of the court, or a judge, in an action for divorce, requires the payment of a sum or sums of money, and personal service of such order has been made upon the defendant, no proof of personal demand of such sum of money and a refusal to pay shall be required before the defendant is punished as provided in this section."

Sec. 295.03, of course, applies to orders and not to judgments. That portion of sec. 295.01 (3) which refers to "nonpayment of any sum of money ordered by such court to be paid in cases where by law executions cannot be awarded" must be held to mean that where payment of money is ordered by a *judgment* upon which execution may be had, contempt proceedings will not lie. It seems to us that this is especially true where the sum ordered to be paid is an arrearage of alimony. The liability for temporary alimony which existed originally by reason of the court's order and was then enforceable by contempt proceedings having been incorporated into a judgment for money for which execution could be had, its payment could not be enforced by contempt.

*By the Court.*—Judgment reversed, and cause remanded with directions to vacate the judgment and discharge defendant.

FRITZ, J., dissents.