Carol SCHROEDER, Plaintiff-Respondent,

v.

Charles SCHROEDER, Defendant-Appellant.†

Court of Appeals

*No. 79–1018. Submitted on briefs December 5, 1979.—*
*Decided February 18, 1980.*
(Also reported in 290 N.W.2d 548.)

---

† Petition to review granted. ABRAHAMSON, J., took no part.

416

For the defendant-appellant, a brief was submitted by *L. William Connolly* of Milwaukee.

For the plaintiff-respondent, a brief was submitted by *Robert J. La Belle* of Oconomowoc.

Before Voss, P.J., Brown and Bode, JJ.

VOSS, P.J.    Defendant appeals from an order wherein the trial court found the defendant in contempt of court

for failing to make division of estate payments and support payments pursuant to a divorce judgment. On appeal, the defendant contends the order should be reversed for the following reasons: (1) the contempt proceedings actually constituted criminal contempt, and (2) the contempt proceedings do not lie to enforce the provisions of a divorce judgment debt.[1]

## CRIMINAL VERSUS CIVIL CONTEMPT

In reviewing a contempt determination, the real character of the proceeding is determined by the relief sought. If the relief sought is to enforce a private right, the proceeding is one for civil contempt; however, if the objective is to punish the contemnor for a past offense, the proceeding is one for criminal contempt. *State v. King,* 82 Wis.2d 124, 137, 262 N.W.2d 80, 86 (1978). Punitive sanctions in civil contempt are no longer recognized. *State v. King, supra.* Additionally, the "civil contemnor holds the key to his jail confinement by compliance with the order." *State v. King, supra,* at 130, 262 N.W.2d at 83.

The pleading filed in the present action ordered the defendant to show cause why he should not be incarcerated for his being in contempt of court pursuant to a

---

[1] Furthermore, defendant refers to an earlier order and argues the court improperly altered or modified the divorce judgment. In that order, the court ordered that the plaintiff could remain in possession of the real estate until the defendant complied with the divorce judgment. Furthermore, the court ordered that the plaintiff be reimbursed for payments she made on the mortgage. We believe this issue is not properly before this court because the defendant has not appealed from the order in question. In any event, we do not believe the court's actions modified the divorce judgment. In effect, the court was enforcing the divorce judgment.

previous trial court decision.[2] This previous decision clearly demonstrated defendant could have complied with the divorce judgment but failed to perform in accordance with the provisions. Pursuant to the order to show cause, the trial court found the defendant in contempt and sentenced him to sixty days in jail. Through his counsel, the defendant could submit a proposal by which he could purge himself of contempt.

This court believes the proceeding was a civil contempt proceeding. The trial court decision, upon which the order herein was based, specifically found a failure to comply on the part of the defendant even though he had the ability to comply. Trial court findings of fact in a contempt hearing will be sustained on appeal unless they are against the great weight and clear preponderance of the evidence. *Besaw v. Besaw,* 89 Wis.2d 509, 517, 279 N.W.2d 192, 195 (1979). Upon the defendant's failure to comply with the divorce judgment, the plaintiff sought to enforce her private rights. The imprisonment was coercive rather than punitive. The defendant was aware of the findings as to the specific failures to comply with the divorce judgment; the defendant held the key to his jail confinement. We believe the imprisonment order was proper and in accordance with sec. 295.02, Stats.[3]

[2] The trial court order finding the defendant in contempt and sentencing him is dated July 3, 1979. The order to show cause which led to this order refers to the trial court decision rendered by Judge Wendt on May 8, 1979. This decision specifically found defendant had failed to comply with the divorce judgment even though the defendant had the ability to comply. The court found the defendant in contempt for failing to make the support payments and the property division payments. On June 13, 1979, Judge Wendt issued an order which restated the findings of fact (including the contempt findings) and which directed the parties to comply with the judgment of divorce.

[3] Section 295.02, Stats., reads as follows:

295.02 **Sanctions.** Every court of record may, in the exercise of its equitable powers, enforce the rights or remedies of a party

## CONTEMPT PROCEEDINGS TO ENFORCE
## PROVISIONS OF DIVORCE JUDGMENT

The trial court decision finding the defendant in contempt specified two reasons: (1) defendant failed to

to an action or proceeding by imposing on any person found in contempt under s. 295.01 the following sanctions:

(1) (a) If an actual loss or injury has been produced to any party by the misconduct of the contemnor, which it is not efficacious to remedy by execution or garnishment, the court may order the defendant to pay such party a sum sufficient to compensate the party for losses, costs and expenses, and in such case the payment and acceptance of such a sum shall be an absolute bar to any action by the aggrieved party to recover damages in another action for such injury or loss.

(b) This subsection does not apply to an actual loss or injury arising out of a debt founded in contract or for a tort that is dischargeable in bankruptcy.

(2) (a) If the misconduct proved consists of an omission to perform some act or duty which it is yet in the power of a party to perform in part or in full, including a failure to indemnify another party under sub. (1), the party or, if applicable, the executive officer of a corporation or association may be imprisoned until the party or officer performs such act or duty and pays the costs and expenses of the proceedings.

(b) If the misconduct of the party under par. (a) also constitutes a violation of another statute, the injunction may specify the amount of forfeiture to be payable to the common school fund under s. 25.21 for each day of violation in the future.

(3) Sanctions imposed under this section may not exceed the following maximums:

(a) No requirement to pay money under sub. (1) may exceed a sum sufficient to compensate an aggrieved party for actual losses, costs and expenses.

(b) No person may be imprisoned under sub. (2) (a) for more than 6 months on the basis of any single finding of contempt.

(c) No forfeiture under sub. (2) may exceed $2,000 for each day of violation.

(4) A person imprisoned shall be released upon purging by compliance with the court's order.

make division of estate payments, and (2) defendant failed to make support payments. Contempt will not lie to enforce payment of a single gross sum directed to be paid by a divorce judgment; execution may be had for the sum awarded. *Anderson v. Anderson,* 8 Wis.2d 133, 141, 98 N.W.2d 434, 439 (1959) ; *Zuehls v. Zuehls,* 227 Wis. 473, 478, 278 N.W. 880, 883 (1938).[4] However, contempt proceedings will lie to compel payment of installments of alimony or support ordered to be paid in the future by a final judgment of divorce. *Staples v. Staples,* 87 Wis. 592, 596, 58 N.W. 1036 (1894). It is an open question in Wisconsin whether contempt will lie to enforce installment payments constituting part of a property division. *Anderson v. Anderson,* 8 Wis.2d at 141, 98 N.W.2d at 439.

The divorce judgment provided that the defendant was to pay plaintiff 50% of the equity in their home (an amount of $9,000) in the following manner: $5,000 was to be paid within sixty days from the date of entry of the judgment, and $1,000 was to be paid on January 2 of each year until the balance was paid. The defendant made only the initial $5,000 payment. Additionally, the defendant was to make weekly support payments for the children; defendant was over $7,000 in arrears at the time of the trial court decision upon which the contempt order was based.

(5) No person may be imprisoned, nor required to pay any sum of money to the court or to a party, under this chapter except as specified in subs. (1) and (2).

(6) Nothing in this section may prohibit the court from imposing punishment of fine or imprisonment for criminal contempt under ss. 757.03 to 757.07.

[4] The supreme court in *Zuehls* stated, on the basis of sec. 295.01, Stats. (1935), that contempt proceedings would never lie for failure to pay money ordered by a judgment on which execution may be obtained. This section is no longer present in statutes, and this court believes such a broad statement is no longer correct.

In examining the case law, it is clear that the trial court could properly hold defendant in contempt for failure to make the installments of support. This reason alone was sufficient for the contempt finding and the incarceration.[5] Moreover, this court believes the trial court could properly hold the defendant in contempt for his failure to make the installments of property division payments. The supreme court in cases such as *Anderson*, *Zuehls* and *Staples* addressed two situations: a judgment directing payment of a single gross sum and a judgment directing payment of installments. Although the cases concerning installments deal with alimony and support payments, the same policy reasons for allowing contempt proceedings in these situations apply to installment payments on a property award.

Installment payments, unlike lump sum payments, are not readily reduced to judgment and execution. To force those receiving funds by installment to reduce each delinquent installment to judgment would be time consuming and economically burdensome. The numerous court proceedings and discovery procedures could delay and deny the recovery of money which has already been awarded to the party by a court judgment. The attorney's fees for each of these collections would add an additional economic burden. Contempt proceedings are utilized in order that the person attempting to collect installments may avoid this overwhelming economic burden.

On the other hand, the one-time lump sum award is easily reduced to judgment and execution. If the party fails to pay the sum of money, recovery by execution is

[5] The order finding defendant in contempt and sentencing him does not specify the reasons. Since the order to show cause which resulted in the imprisonment order specifically seeks incarceration based on the trial court decision, we believe it may be reasonably inferred the reasons enunciated by the decision formed the basis of the imprisonment order.

neither time consuming nor economically burdensome as recovery is a one-time occurrence. The party entitled to the award must only utilize execution one time. The legal costs are minimal, and there is no repetition of proceedings.

To rule that additional court proceedings must be had each time an installment is not paid would obstruct the orderly administration of justice. The contempt proceeding saves the court time and promotes a more efficient flow of cases through the judicial system. In relation to the orderly administration of justice, the availability of the contempt proceeding to enable a party to recover past-due installments spares the public a needless waste of tax dollars. The avoidance of unnecessary court proceedings works to the advantage of the public. Whether the installments are for alimony, support or property division, the policy reasons apply with equal force.

Therefore, we affirm the trial court order.

*By the Court.*—Order affirmed.