NORRIS, Respondent, vs. NORRIS, Appellant.

*November 17, 1915—February 22, 1916.*

Divorce: Judgment: Alimony or final division? Revision: Examination of adverse party.

1. Where no definite sum in the aggregate is fixed by the divorce judgment and where the duration of the period over which payments are to extend is subject to the contingency of remarriage or death, such judgment, however labeled, is one for alimony.
2. So much of a judgment in a divorce action as awards alimony is not a final judgment, but. is subject to revision and alteration; and in a proceeding to obtain such a revision an examination of a party under sec. 4096, Stats., may be had.

SIEBECKER, KERWIN, and TIMLIN, JJ., dissent.

APPEAL from an order of the circuit court for Milwaukee county: F. C. ESCHWEILER, Circuit Judge. *Affirmed.*

The plaintiff and defendant were divorced in 1907. The findings determine as a fact that the plaintiff, being paid $75 monthly during her life or until she remarries, shall have "no other or further right, title, interest, or claim of any kind or nature whatsoever against said defendant in or to his property." Conclusions of law were made in accordance with the findings referred to, and the judgment provided that plaintiff be paid monthly by the defendant, so long as she lived or until she remarried, $75 per month as a "final division and distribution of the estate, both real and personal, of the defendant, pursuant to the provisions of section 2364, Wis. Stats.," and that having the aforesaid sum plaintiff should have "no other or further right, title, interest, or claim of any kind whatsoever against said defendant or in or to his property, and that each and every right or interest which the plaintiff has in and to the property of the defendant be and the same is hereby divested."

On April 28, 1915, the plaintiff procured an order to show cause why the judgment referred to should not be revised, al-

tered, and amended respecting the amount of alimony therein provided in a way more just and equitable to the plaintiff and why judgment should not be made and entered in said action providing adequate and fair alimony to the plaintiff, or why, in lieu thereof, there should not be a final division and distribution of the estate of the defendant, both real and personal, between the parties to the action. In support of this order a petition was filed setting forth facts on which plaintiff relied to secure a modification of the provisions of the divorce judgment relating to what was alleged to be alimony. The defendant interposed an answer to this petition, in which he alleged that the judgment entered provided for a final division of his estate, and that there was no authority in law for revising or amending such judgment. In addition thereto certain facts were set up tending to show that the provision of the original judgment was fair and ample under all circumstances. The plaintiff gave due notice of the examination of the defendant as an adverse witness under sec. 4096, Stats. The defendant then filed a petition praying for an order staying the proposed examination until further order of the court. This petition was based on the claim that the judgment of 1907 was a final one and that in any event an examination could not be had under sec. 4096 in a proceeding of this kind. An order was entered staying the examination pending the hearing on defendant's petition. The circuit court decided that the examination should proceed, and from the order entered on such decision the defendant appeals.

*Lawrence A. Olwell,* for the appellant.

For the respondent there was a brief by *Kronshage, McGovern & Hannan,* and oral argument by *F. E. McGovern.*

BARNES, J. A divorce judgment which only provides a monthly allowance for the wife, to terminate on her remarriage or death, is not a final division of the husband's estate

under sec. 2364, Stats., no matter how it is designated, but is a judgment for alimony which is subject to revision under sec. 2369.   On this proposition the case of *Lally v. Lally,* 152 Wis. 56, 138 N. W. 651, is adhered to under the rule of *stare decisis.*   We do not wish to be understood as deciding that a circuit court may not fix a specific sum to be paid in instalments or in gross and render a final judgment under sec. 2364, although the amount fixed might even exceed the value of the property then possessed by the husband, nor is the *Lally Case* to be construed as so holding.   What we do decide is, that where no definite sum in the aggregate is fixed by the divorce judgment and where the duration of the period over which payments are to extend is subject to the contingency of remarriage or death, such judgment, however labeled, is one for alimony.

The further point is made that an examination under sec. 4096 can only be had at some time after the commencement of an action or proceeding and *before judgment,* and that inasmuch as judgment was rendered in the divorce action in 1907 the present application was made after judgment and that therefore the case is entirely outside of the statute. Among other things sec. 2369, Stats., provides:

"After a judgment providing for alimony or other allowance for the wife and children, or either of them, or for the appointment of trustees as aforesaid the court may, from time to time, on the petition of either of the parties, revise and alter such judgment respecting the amount of such alimony or allowance and the payment thereof, and also respecting the appropriation and payment of the principal and income of the property so held in trust, and may make any judgment respecting any of the said matters which such court might have made in the original action."

So much of a judgment in a divorce action as awards alimony is not a final judgment, but is subject to revision and alteration.   As to this portion of the judgment the court is as free to act on subsequent applications as it was originally.

When the existing judgment is amended, there is to all intents and purposes a new judgment for alimony, and we think it would be an extremely narrow and technical construction of sec. 4096 to hold that it does not permit an examination in a proceeding like the one before us.

*By the Court.*—Order affirmed.

The following opinions were filed March 13, 1916:

SIEBECKER, J. (*dissenting*). I am of the opinion that the original judgment of divorce in this action adjudges a final division and distribution of the husband's estate and hence cannot be modified in this proceeding. The grounds of my opinion are fully elaborated in the dissenting opinion of Mr. Justice KERWIN in the case of *Lally v. Lally,* 152 Wis. 56, 138 N. W. 651. My judgment is that a court may, under sec. 2364, Stats., award a judgment of final division and distribution of a husband's estate whether he has any specific real or personal property or not. I consider that a husband's earning ability is treated under the adjudications of this and other courts as property for the purposes of a final division and distribution of his estate in a divorce action.

KERWIN, J. (*dissenting*). I dissent from the opinion of the majority of the court. I think the case of *Lally v. Lally,* 152 Wis. 56, 138 N. W. 651, was incorrectly decided and that to follow the decision in that case is simply perpetuating an error.

The rule of *stare decisis* is invoked in the majority opinion in the instant case, apparently as a justification for adhering to the *Lally Case.* True, the rule of *stare decisis* applies where the decision is of such long standing as to become a rule of property and where the overruling of it would be likely to work great mischief. No reason appears for adhering to the rule of *stare decisis* here. *Harrington v. Pier,*

105 Wis. 485, 493, 82 N. W. 345; *Baker v. Madison,* 62 Wis. 137, 22 N. W. 141, 583; *Van Valkenburgh v. Milwaukee,* 43 Wis. 574; *Hawks v. Prilzlaff,* 51 Wis. 160, 7 N. W. 303; *Kneeland v. Milwaukee,* 15 Wis. 454, 474; *Pratt v. Brown,* 3 Wis. 603; *Whereatt v. Worth,* 108 Wis. 291, 84 N. W. 441.

It is held in the majority opinion in the instant case that an award of any sum either in gross or payable in instalments, if so denominated in the judgment, is final division whether there is sufficient property out of which the award can be paid or not; but that an award to a wife of a sum payable annually during her life or widowhood, though denominated in the judgment as final division, is not a final division. To put it another way, the majority opinion holds that an award of any sum, no matter how small, payable monthly for any definite period is final division, if so declared in the judgment, while an award of a like sum payable monthly for the life of the wife where she has an expectancy of twenty-five years, more or less, or payment of such sum during widowhood, is not a final division. There is no authority under the statute governing alimony and final division for such distinction. The statute authorizes the court to award alimony or make final division and there is no limitation as to how this shall be done. The power to make final division includes the power to determine what shall be final division in the absence of restriction in the written law; and there is none.

In my opinion the decisions in *Lally v. Lally, supra,* and the instant case are out of harmony with every other decision of this court upon the subject. *Hopkins v. Hopkins,* 40 Wis. 462; *Thomas v. Thomas,* 41 Wis. 229; *Bacon v. Bacon,* 43 Wis. 197; *Blake v. Blake,* 68 Wis. 303, 32 N. W. 48; *Campbell v. Campbell,* 37 Wis. 206; *Maxwell v. Sawyer,* 90 Wis. 352, 63 N. W. 283; *Palica v. Palica,* 114 Wis. 236, 90 N. W. 165; *Von Trott v. Von Trott,* 118 Wis. 29, 94 N. W. 798;

*Kistler v. Kistler,* 141 Wis. 491, 124 N. W. 1028; *Brenger v. Brenger,* 142 Wis. 26, 125 N. W. 109.

I think *Lally v. Lally, supra,* should be overruled and the judgment below in the instant case held to be a final division and distribution of property.

TIMLIN, J., also dissented.