Steinkopf vs. Steinkopf, Appellant, and another, Respondent.

*February 14—March 13, 1917.*

*Divorce: Judgment: Construction: Alimony or division of property? Irregularity: Agreement between parties: Monthly payment charged as lien on land: Life estate in homestead.*

1. Under sec. 2364, Stats., a divorce judgment may award alimony to the divorced wife or may make a final division of the husband's estate, but may not do both.

2. A judgment providing that the husband shall pay to the divorced wife a certain sum per month during her life, as alimony; that the payment of that sum be charged as a lien upon a part of his

real estate; and that in addition thereto the wife be awarded the sole use and occupation of the homestead during her life and also be awarded the household furniture, etc., is *held* to have been intended as a judgment making a final division of the husband's estate; and the provision for a monthly payment, being an award of alimony, was an irregularity therein.

3. The terms of such judgment being definite and unambiguous, the alleged fact—not in any way shown by the record—that it was based upon an oral agreement between the parties cannot be made the basis of a construction of the judgment.

4. After the death of the husband, who had made the monthly payments without objection during his lifetime, upon a petition for an order terminating the divorced wife's interest in his property it is *held* that the real estate charged with the lien of such payments should be freed therefrom, but that the divorced wife is entitled to hold as her separate property the life estate in the homestead and also the personal property awarded to her by the judgment.

APPEAL from an order of the circuit court for Milwaukee county: JOHN J. GREGORY, Circuit Judge. *Reversed.*

This is a petition by *Martha Steinkopf,* the widow of John H. Steinkopf, asking for an order terminating the interest of the defendant, *Bertha Steinkopf,* in the plaintiff's property as the divorced wife of John H. Steinkopf.

In 1906 the plaintiff, John H. Steinkopf, brought an action for divorce against his then wife, the defendant *Bertha Steinkopf.* She counterclaimed for a divorce against him. Before trial of the action the parties entered into an oral stipulation with regard to making provision for the defendant's support. After such stipulation had been made defendant withdrew her counterclaim for divorce. The judgment in the divorce action provides that the defendant is to receive $25 per month as alimony during the term of her natural life and that the payment thereof be charged as a lien upon certain real estate of the plaintiff. Furthermore the judgment awards to the defendant the use of their homestead in the city of Milwaukee and the household furniture and furnishings, silverware, pictures, etc., belonging to the par-

ties.    The defendant continued to occupy the homestead and
is still occupying it.    She also received payment of $25 per
month up to the time this proceeding was commenced.

The plaintiff married the petitioner shortly after the di-
vorce and died on the 9th of March, 1910.

The circuit court ordered that the payment of $25 per
month to defendant be terminated and that the real estate de-
scribed in the divorce judgment be freed of all lien of the
judgment and the defendant divested of all right, title, and
interest in and to said properties.    From such order this ap-
peal is taken.

For the appellant there was a brief by *Quarles, Spence &
Quarles,* attorneys, and *J. V. Quarles,* of counsel, all of Mil-
waukee, and oral argument by *J. V. Quarles.*

For the respondent there was a brief by *Jeger & Klingel-
hoefer* of Milwaukee, and oral argument by *L. M. Jeger.*

SIEBECKER, J.    The claim is made in behalf of *Bertha
Steinkopf* as the divorced wife of John Steinkopf that she is
entitled to the payment of $25 per month and the use of the
homestead during the term of her natural life under the
terms of the divorce judgment.    The trial court held that
*Bertha Steinkopf's* right to such payments and the use of the
homestead under this judgment terminated at the death of
John Steinkopf, which occurred March 9, 1910.    This con-
clusion was evidently based on the idea that the provision of
the judgment for the benefit of *Bertha Steinkopf* constituted
an award of alimony.    The conduct of the parties since the
entry of the judgment to the time of this application har-
monizes with the claim that they treated it as a judgment
giving the divorced wife a life interest in her former hus-
band's estate and entitling her to receive $25 per month dur-
ing her life.    It is claimed that the terms of the judgment
award her such an interest and that she is entitled to enforce
payment of the $25 per month as provided therein out of the

real estate upon which it is made a charge. In the recent cases of *Lally v. Lally,* 152 Wis. 56, 138 N. W. 651, and *Norris v. Norris,* 162 Wis. 356, 156 N. W. 778, this court reviewed, after elaborate argument and full consideration, the cases in this court dealing with this subject in the light of the provision of sec. 2364, Stats., conferring power on courts to adjudge support and maintenance to a divorced wife and to divide and distribute the husband's estate between them. These adjudications clearly establish that this statute permits of awarding to a divorced wife either alimony or a portion of the husband's estate by transferring to her the title to such portion of his property as the court may find she should receive under all of the facts and circumstances of the case. It is there considered that the statute contemplates that if any provision is made for the benefit of the divorced wife it is to be either an award of alimony or an award of a portion of the husband's estate. See cases cited in the *Lally Case.* Appellant's counsel contend that the provision of the judgment in question rests upon an agreement of the parties and hence is enforceable according to the terms of such agreement if they are embodied in the judgment, upon the same grounds that a valid agreement of parties is enforced in the law, and cite to our attention the following as instances enforcing such relief: *Stratton v. Stratton,* 77 Me. 373; *Storey v. Storey,* 125 Ill. 608, 18 N. E. 329; *Stone v. Bayley,* 75 Wash. 184, 134 Pac. 820. The contracts of the parties in these cases were in writing and the judgments disclose that the courts' decrees are in accordance with and an affirmance of the agreement of the parties. Such is not the fact in the instant case. Neither the findings of fact, conclusions of law, nor the judgment refer to any writing or agreement of the parties. The record of the divorce action, so far as exhibited in this proceeding, presumptively rests wholly on the facts presented before the court as evidence of the facts and circumstances relevant to the hus-

band's estate and the wife's legal and equitable rights there-
to. True, some *ex parte* affidavits are offered in this pro-
ceeding supporting the contention that the court awarded to
the divorced wife support out of the husband's estate pur-
suant to a verbal agreement between the parties. This can-
not now be made the basis of a construction of the terms of
the judgment, which are definite and unambiguous in their
meaning. An inspection of the terms of the judgment and
of the findings of fact and conclusions of law upon which it
rests convinces us that the court manifestly intended to ac-
complish two objects for the wife's benefit, namely, to award
to her $25 per month, to be paid in monthly instalments dur-
ing her lifetime, and to grant her a life estate in the home-
stead and award her all of the household furniture and fur-
nishings in the home belonging to the parties. The judgment
dissolves the bonds of matrimony. It is then adjudged "that
the said plaintiff, John H. Steinkopf, pay to said defendant,
*Bertha Steinkopf,* or cause to be paid out of his estate, the
sum of twenty-five dollars per month, in monthly instalments,
on the first day of each month during the term of her natural
life as alimony." The payment of this sum is charged as a
lien upon a part of the husband's real estate. Another pro-
vision of the judgment is "that in addition to such allowance
said defendant, *Bertha Steinkopf,* be and she is hereby al-
lowed and awarded the sole use and occupation during the
term of her natural life, of the homestead and stable of said
plaintiff [describing them]; and that she be and is hereby
awarded and allowed the household furniture and furnish-
ings, silverware, pictures, etc., belonging to said parties."

"The statute contemplates that when a wife is given a por-
tion of her husband's estate as a final division of his property,
such portion should by the judgment be transferred and set
over to her to be and become her separate estate, subject to
her control and dominion, and capable of being disposed of by
her will or otherwise." If the portion so awarded is in

money it may be made in payments at 'stated times. "But the number of payments, their time of commencement and termination, must be fixed by the judgment. They cannot rest upon any contingency. . . ." *Lally v. Lally,* 152 Wis. 56, 60, 61, 138 N. W. 651.

It is there further declared (p. 62):

"If it be urged and conceded that a final division of property in the form of monthly payments during life or widowhood is more advantageous to the wife than the receipt of a gross estate at once, the answer is that the statute does not contemplate or permit such a judgment, and no judgment of final division not within the statute can lawfully be made."

Testing the first provision of the judgment in the case before us by these rules, it is plain that the award to pay the divorced wife $25 per month is clearly an award of alimony. The other award in the divorce judgment above quoted is, however, of an entirely different nature, as she is thereby granted an estate in the homestead property during her life, and the household furniture and other personal property therein owned by her husband is absolutely transferred to her. These provisions meet all the calls of a final division and distribution of such estate. They cannot in any sense be regarded as alimony. We have then a judgment of a dual character, from which neither party has appealed to correct the irregularity of the court in dealing with the husband's obligation towards the divorced wife. Upon the whole case we are persuaded that the court intended to award a judgment making a final division and distribution of the husband's estate between the parties, and accomplished that object in so far as the judgment awards the wife a life estate in the homestead property and transfers to her all the described personal property in their home. The provision for a payment by the husband to the wife of $25 monthly during her life is not a division of the husband's estate within the calls of the statute, and hence was an irregularity in the

judgment awarding final division and distribution of his estate.    See the *Lally* and *Norris* cases, *supra,* and cases therein cited.    Since, however, the husband during his lifetime, and those beneficially interested since his death, have voluntarily paid the sums pursuant to the judgment, we need not further consider the matter.    So far as the future is concerned it drops out of the case.    The defendant, *Bertha Steinkopf,* is entitled to hold the life estate in the homestead as her separate property in addition to the personal property awarded her.    The circuit court erred in divesting the defendant, *Bertha Steinkopf,* of all right, title, and interest in and to the homestead property described in the divorce judgment.

*By the Court.*—The order appealed from is reversed, and the cause is remanded to the circuit court with direction to enter an order in accordance with this opinion.