Wacker, Respondent, vs. Wacker, Appellant.

*May 2—June 4, 1929.*

198

The cause was submitted for the appellant on the brief of *Ernst von Briesen* of Milwaukee, and for the respondent on that of *Arnold C. Otto* of Milwaukee.

FOWLER, J. The defendant contends that the judgment was one for a full and final division of the property of the parties; that under sec. 247.26, Stats., there can be no award for alimony on such division; and that the award of alimony contained in the judgment is void.

The statute referred to provides that in judgments of divorce not granted for adultery of the wife, the court may adjudge "to the wife such alimony out of the estate of the husband, for her support and maintenance," or "may finally divide and distribute the estate, both real and personal, *of the husband* and so much of the estate of the wife as shall have been derived from the husband, between the parties and divest and transfer the title of any thereof accordingly,

having always due regard to the legal and equitable rights of each party, the ability of the husband, the special estate of the wife, the character and situation of the parties and all the circumstances of the case." The statute stated has been construed by the court in several cases. The provision for the wife is either alimony or final division. It cannot be both. In *Lally v. Lally,* 152 Wis. 56, 138 N. W. 651, it was held by a divided court that a provision for payment to the wife of a monthly sum during life or until marriage, although expressly denominated as a "full, absolute, and final division of the estate of the parties," was a judgment for alimony only. To the same effect by the same division of the court is *Norris v. Norris,* 162 Wis. 356, 156 N. W. 778.

In *Steinkopf v. Steinkopf,* 165 Wis. 224, 161 N. W. 757, it was held unanimously that a provision for the wife in a divorce judgment for payment of $25 per month to her during the term of her natural life, expressly denominated as "alimony" and charged as a lien upon the husband's real estate, and awarding to her during her natural life the use of the homestead and awarding to her absolutely the household furniture of the parties, was a final division of the estate, giving to the wife the household goods and a life estate in the homestead. The monthly payment was held to be "clearly an award of alimony" and its inclusion in the judgment an "irregularity" which had "dropped out of the case" on the husband's death. The *Steinkopf Case* was a contest between the widow of the divorced husband and the divorced wife over their respective rights. The estate of the divorced wife in the husband's property was left as fixed by the judgment, but freed from the lien of the $25 monthly payment.

It is plain here as in the *Steinkopf Case* that the judgment is a final division as distinguished from an award of alimony. The only distinction between the cases is that in this case the estate of the husband that was divided was

a joint estate, while in the other it was one in entirety. But the husband's estate here, although joint, was nevertheless "the estate, both real and personal," which he had, and the judgment operated to divest and transfer the title of the whole thereof, as contemplated by the statute upon final division. The provision of the $8 per week alimony to the wife must, we think, be treated as a nullity. Although had the judgment not in terms required the alimony payment the plaintiff upon division would no doubt have received a larger portion of the husband's estate, she could only remedy the defect by appeal from the judgment, and the time for that has long since expired.

*By the Court.*—The order appealed from is reversed, and the cause is remanded with directions to acquit the defendant of contempt and correct the judgment by striking therefrom the provision for alimony.