TRUSH, Respondent, vs. TRUSH, Appellant.

*February 12—March 10, 1931.*

192

For the appellant there was a brief by *Fiedler, Garrigan & Grimm* of Beloit, and oral argument by *E. C. Fiedler*.

For the respondent there was a brief by *Woolsey, Arnold & Johnston* of Beloit, and oral argument by *W. H. Arnold*.

WICKHEM, J.   Appellant contends that the evidence in this case is not sufficient to warrant the granting of a divorce.   To this we cannot agree.   We think there is evidence from which the court could believe that for some time prior to the separation of the parties acts of physical violence were committed by the defendant upon the plaintiff.   While these might not be numerous or severe enough to justify a divorce, standing alone, we think the testimony of the plaintiff that defendant had compelled her to indulge with him in unnatural practices for some time prior to the separation would justify the court in granting a divorce.   An insistence upon such practices obviously would tend to impair the health of the plaintiff, and would result in a situation which would make a continuance of the marital relations unthinkable.   It is true that defendant denies this charge, and that there is no corroboration, but in the nature of things there could be no corroboration in the vast majority of cases where such acts are charged.   The trial court has had the

opportunity of observing the witnesses and has resolved the issue in favor of the plaintiff. We see no basis for disturbing this determination.

The next contention of the appellant is that the award of the property to the plaintiff in the final division of the estate is excessive. The equity in the real estate is assumed to be $2,400. This amount is subject to a further deduction of $750 by reason of the obligation which the parties have to pay back to plaintiff's father the sum advanced as a part of the down payment on the house. This would leave a balance of $1,650. If the judgment with respect to the property were to stand in its present form, we would not be inclined to disturb the division. It would seem that the award was well within the range sanctioned by this court. However, we are satisfied that under all the circumstances the form of this division cannot be sustained. An absolute divorce having been granted, it seems clear to us that a division of property which leaves the parties with the same common rights and obligations which they had prior to the decree is an impracticable and unworkable scheme of division. The property in this case is held under a land contract calling for payments in instalments. The parties are subject to the further obligation of paying $750 to plaintiff's parents. In our judgment this must inevitably lead to further contention and to an increased possibility that defaults will occur and that the equity in the premises will be lost. In view of the fact that the custody of the children is awarded to the wife, it is our conclusion that the court should also award the equity in the homestead to her, subject to discharging the indebtedness on the land contract, and subject further to the assumption by her of the obligation to pay to her parents the sum of $750. The judgment should also provide that the plaintiff pay to the defendant, in discharge of his share of the equity, the sum of $1,000, and that this sum

be a lien upon plaintiff's interest in the premises. Provision should be made for this sum to be discharged in instalments, defendant to have the right to offset these instalments against such sums as he is obligated to pay for the support of the children.

The division of the property thus made must be taken to constitute a final division between the parties, and precludes any alimony.

The judgment, however, provides that in addition to the property settlement the defendant be required to pay the plaintiff the sum of $50 per month "as alimony and for the support of said children" of the parties. In so far as this portion of the judgment is to be construed as an order for the payment of alimony, it is of course void. Respondent contends that the property settlement should be construed as a final settlement, and the provision for alimony as a provision for the support of the children. As the judgment now stands we cannot say that the court did not include in the sum awarded some allowance to plaintiff as alimony. If it did, the judgment is erroneous to that extent, and this court is not in a position to revise it. It will be necessary for the trial court to fix such sum as it deems necessary for the support of the children.

Complaint is made as to the amount of attorneys' fees and suit money awarded plaintiff. We have considered this matter carefully, and have concluded that there was no abuse of discretion in such allowances.

It is our conclusion that the judgment should be affirmed in so far as it provides for an absolute divorce, and that the portions of the judgment dealing with the division of property and alimony must be reversed.

*By the Court.*—So much of the judgment as grants to the plaintiff an absolute divorce is affirmed. So much of the judgment as provides for a division of property and alimony

and support money is reversed, together with so much of the order of July 25, 1930, as declined to revise the judgment as to division of property and alimony, and the cause is remanded for further proceedings in accordance with this opinion. In all other respects the order of July 25, 1930, is affirmed. The order of August 11, 1930, is affirmed. No costs are to be taxed on this appeal, appellant to pay the clerk's fees.