RIEDEL, Respondent, vs. NORTHWESTERN MUTUAL LIFE INSURANCE COMPANY, imp., Appellant.

*January 12—April 11, 1933.*

For the appellant there were briefs by *Sam T. Swansen,* general counsel, and *Norman L. Baker,* assistant counsel, both of Milwaukee, and oral argument by *Mr. Baker.*

For the respondent the cause was submitted on the brief of *Bundy, Beach & Holland,* attorneys, and *W. H. Frawley,* of counsel, all of Eau Claire.

The following opinion was filed February 7, 1933:

FOWLER, J.   On December 7, 1925, in an action for divorce pending between the plaintiff (then Beatrice N. Preston) and the above named defendant Julius H. Preston, judgment was entered in favor of the plaintiff awarding her alimony and providing for substitution of final division of property in lieu of alimony upon certain conditions.   On February 1, 1930, this judgment was so modified as to substitute final division of property for alimony.   On March 2, 1931, the court made an order amending the summons to bring in as party defendants the mother of the defendant Julius H. Preston and the Northwestern Mutual Life Insurance Company, permitting the plaintiff to file an "amended supplemental complaint" and requiring the defendants to answer.   The insurance company and Julius H. Preston filed answers.   The insurance company thereafter moved the court to vacate the order above mentioned on the ground that the court was without jurisdiction to make it, and to permit the withdrawal of its answer.   Julius H. Preston made like motion.   The motions were denied on February 23, 1932.   From the order of denial the insurance company appeals.

Only such orders may be brought to this court on appeal as fall within sec. 274.33, Stats.   The order involved,

to be appealable, must fall within sub. (2) of that statute: "A final order affecting a substantial right made in special proceedings or upon a summary application . . . after judgment." The order was made "upon a summary application . . . after judgment," and "it affects a substantial right," but it is not a final order. It presumes a hearing of the issues raised by the "amended supplemental complaint" and the answers. There will not be a final order to appeal from until that hearing is had and an order made thereon.

We are constrained to hold the order not appealable. Where attempt is made to appeal from a non-appealable order this court is without jurisdiction. *Gilbert v. Hoard,* 201 Wis. 572, 230 N. W. 720; *Estate of Fish,* 200 Wis. 61, 227 N. W. 272; *Appleton v. Greenspon,* 202 Wis. 322, 232 N. W. 598. It is regrettable, in the instant case, that this may not be done, as it seems quite plain that we would be required to reverse the order had we the power to do so, upon at least two grounds.

(1) The judgment of February 1, 1930, being one awarding final division and distribution, no other provisions can thereafter be made for the wife. Sec. 247.32, Stats.; *Thompson v. Thompson,* 73 Wis. 84, 40 N. W. 671; *Lally v. Lally,* 152 Wis. 56, 138 N. W. 651.

(2) There is no basis for holding the insurance company as a party defendant unless the court obtains jurisdiction over Elizabeth Preston. She declines to appear herein, and jurisdiction over her cannot be obtained.

The purpose of holding the insurance company is to impound money which may contingently some time become due to Julius H. Preston from the defendant insurance company under a matured life insurance policy in which the interest of Julius H. Preston has been assigned by him to his mother and which assignment the plaintiff seeks by her so-called supplemental complaint to have set aside as a fraud

against the plaintiff. To set aside the assignment, jurisdiction must be acquired over the mother. The plaintiff claims to have done this by publication of the amended summons on the theory that the money that will some time contingently become due from the insurance company to Julius H. Preston is property "in this state" owned by Mrs. Preston. Sec. 262.12 (1). But the insurance policies are and ever since they matured have been in the possession of Mrs. Preston in the state of Rhode Island. This fixes the situs of the property—the debt owing by the insurance company—as not "in this state," but in Rhode Island. Service by publication does not confer jurisdiction to adjudicate personal rights, and setting aside the assignment would be a determination of such rights. *Fitch v. Huntington,* 125 Wis. 204, 102 N. W. 1066.

These statements are made in the hope that they may result in dismissal of the proceeding below and avoidance of further litigation. It is obvious that the issues attempted to be raised by the appeal, which were fully discussed and ably set forth in the briefs, can only be effectively passed upon by this court when presented under a writ of prohibition or appeal from a final order entered after trial below.

*By the Court.*—It is ordered that the appeal is dismissed. No costs will be taxed against the appellant except clerk's fees.

A motion for a rehearing was denied, without costs, on April 11, 1933.