HANNON, Respondent, vs. HANNON, Appellant.

*February 8—March 7, 1939.*

*T. L. Doyle* of Fond du Lac, for the appellant.

For the respondent there was a brief by *Barber, Keefe, Patri & Stillman* of Oshkosh, and oral argument by *Frank B. Keefe* and *W. Mead Stillman*.

FAIRCHILD, J. In the divorce action, the defendant put in no answer. She appeared by her attorney and entered into negotiations for a division of estate. The husband owned stock worth between $975 and $1,525, insurance with some loan or paid-up value, household goods, and an automobile. The judgment of divorce provided that as a final division of property the plaintiff should pay or cause to be paid to the defendant the sum of $1,800.

When the defendant later applied to the court to have this judgment set aside, she contended that the complaint did not state facts sufficient to constitute a cause of action for divorce; that a fraud had been perpetrated on the court; that there was collusion in obtaining the divorce; and that coercion and duress had been used to prevent her from putting in an answer.

The allegations in the complaint are to the effect that the conduct of the defendant caused the plaintiff grievous mental suffering, and the ultimate facts set forth are of such a nature that their effect upon one desiring to live a normal married life would necessarily cause great unhappiness. When the defendant's attitude toward the plaintiff became so fixed and evident, and her admiration for another so strong, that she freely expressed her feelings of preference for the other and her dislike for her husband, the mutual regard which must be the basis of a home was destroyed. This, together with the plaintiff's impaired health, traced to the disturbance of his domestic relations, was sufficient cause for his complaint, which stated a good cause of action. *Reinhard v. Reinhard* (1897), 96 Wis. 555, 71 N. W. 803; *Hiecke v. Hiecke* (1916), 163 Wis. 171, 157 N. W. 747.

The suggestion of imposition upon the court or unfair treatment of the defendant is not supported by the facts in the record. For some time the defendant had been growing indifferent toward her husband. His affection for her continued, and the efforts made by him to re-establish himself

in her affections and to cause her to adhere to the marriage vows show a disposition to assist her in maintaining her position as his wife, but she could not or would not overcome the influences which had entered her life and which were destroying her home.

There was introduced in evidence a letter which the defendant wrote to her husband while she was in California, in April of 1937. In that letter she definitely stated her determination not to live with the plaintiff again, saying, "I am hoping that we can separate with as little harm to the two of us and the kids, and it can be done just as decently as you will let it. I wouldn't want to keep the kids from you. You could always be trusted to take the best of care of them and Ripon is where they think they want to be, so that is where I would want them to be for the time at least. Before you take any stand, be sure of this—I have quite made up my mind and nothing you can say or do will change it. You can make things very difficult and unpleasant for me. I don't see though what you would gain by that—certainly not me nor the love and trust of your children."

The defendant's instructions to her attorney were in accordance with the viewpoint expressed in this letter, and there is nothing in the record to sustain a claim that she was imposed upon in any way. Certainly there is nothing to indicate that there was any abuse of discretion on the part of the trial court in refusing to vacate the divorce decree. The decree and the order confirming it must therefore be affirmed.

There remains the question as to the validity of that part of the order which set aside the division of property and substituted an alimony order. Did the court have power to nullify the division of property which was entered into by stipulation of the parties?

For many years, during which the statute on the subject has remained unchanged, the distinction between alimony and division of property has been recognized. Until 1935, sec. 247.26, Stats., gave the court power to allow alimony to

the wife "or" to finally divide and distribute the real and personal estate of the husband. By ch. 379, Laws of 1935, the word "or" was changed to "and." Under the old statute it was uniformly held that the court did not have power to award both alimony and division of estate. *Lally v. Lally* (1913), 152 Wis. 56, 138 N. W. 651; *Norris v. Norris* (1916), 162 Wis. 356, 156 N. W. 778; *Steinkopf v. Steinkopf* (1917), 165 Wis. 224, 161 N. W. 757; *Wacker v. Wacker* (1929), 199 Wis. 197, 225 N. W. 749. The distinction between the two types of provision was that alimony orders were subject to revision in case the circumstances of the parties should change, but a judgment making a final division of the husband's estate could not be set aside or modified after the term in which it was entered. *Bacon v. Bacon* (1877), 43 Wis. 197; *Kistler v. Kistler* (1910), 141 Wis. 491, 124 N. W. 1028.

While the change in the statute may have changed the rule that the court cannot allow alimony and in the same action divide the husband's estate, there is nothing to indicate that a division of property is any less final than formerly, or that it is now subject to modification like an alimony order. The order of August 26, 1938, purporting to set aside the division of property, was void because it was made after the term at which the judgment of September 10, 1937, was entered. The division of property is therefore in effect as before. The statute, while it may permit the court to allow alimony in addition to a division of property, certainly does not require the court to do so. It seems to be well settled, apart from statutory considerations, that when the question of alimony is in issue, and provision for alimony is excluded from the decree, it cannot thereafter be inserted, in the absence of fraud or mistake. See note in 83 A. L. R. 1248. Since the judgment of September 10, 1937, was silent as to alimony, the court in effect adjudged that the plaintiff should not be required to pay alimony, and that judgment could not be altered after the term. *Bassett v. Bassett* (1898), 99 Wis. 344, 74 N. W. 780.

It is not now necessary to decide whether both alimony and division of estate may be adjudged in one action. We go no farther than to say that if both could have been allowed by the court in the present case, alimony clearly was not granted in the original judgment, and therefore could not be allowed after the term.

*By the Court.*—The judgment entered September 10, 1937, is affirmed; the order of August 26, 1938, is affirmed in so far as it refuses to vacate the judgment and is reversed as to that part setting aside the division of property and requiring the plaintiff to pay alimony.