GRAY, Respondent, vs. GRAY, Appellant.

*March 11—April 7, 1942.*

The cause was submitted for the appellant on the brief of *Rubin, Zabel & Ruppa,* attorneys, and *N. Ruppa* of counsel, all of Milwaukee, and for the respondent on the brief of *Lueck, Skupniewitz & Lueck* of Beaver Dam.

FAIRCHILD, J. One of the questions raised arises from the fact that in the judgment of divorce the court both provided for a final division of estate between the parties and granted the wife alimony. For many years the law in this state was that when the provision made in a judgment of divorce for the wife was a division of property, such provision excluded the possibility of any allowance to her for alimony, and that any provision for alimony in addition to the final distribution of estate should be treated as a nullity. *Wacker v. Wacker* (1929), 199 Wis. 197, 225 N. W. 749; *Trush v. Trush* (1931), 204 Wis. 187, 235, N. W. 553. The controlling statute, sec. 247.26, Stats., was however, amended in 1935 by ch. 379, Laws of 1935, so as to allow both forms of relief. This section, formerly authorizing the court to allow alimony to the wife "or" to divide and distribute the real and personal estate of the husband, was changed to read: "The court may further adjudge to the wife such alimony out of the estate of the husband, for her support and maintenance, . . . as it shall deem just and reasonable, *and* the court may finally divide and distribute the estate, both real and personal, of the husband. . . ." The influence, in construing the statute, of the change from the word "or" to "and" is controlling. It is too significant of intended broadening of the court's power to permit us to follow the old and limited rule.

The apparent inconsistency between sec. 247.26 and sec. 247.32, Stats., disappears if the restriction in the last sentence of the latter section, reading: "But when a final division of the property shall have been made under the provisions of section

247.26 no other provisions shall be thereafter made for the wife," is applied only to the portion of the judgment which provides for a division of estate. The two sections may then be read together and each have the effect the legislature was intending to secure in changing the structure of sec. 247.26 from the disjunctive to the conjunctive. In other words, although a judgment may now include both types of provisions, a judgment providing only for final division of property may not thereafter be modified to substitute therefor or to include therein a provision for alimony. *Riedel v. Northwestern Mut. Life Ins. Co.* (1933) 211 Wis. 149, 246 N. W. 569; *Hannon v. Hannon* (1939), 230 Wis. 620, 284 N. W. 499. The provision for alimony may be revised from time to time but the division of the estate is fixed for all time. Sec. 247.32, Stats.

The record discloses that the property assigned to respondent was property advanced by her father, and that appellant at the time of the divorce agreed that it was to be returned, and further stipulated to pay $50 a month as alimony. This allowance was reduced about a year later to the sum of $25 a month. The respondent is earning $85 a month and appellant $175. We cannot under the circumstances now before us say that the allowance of $25 a month is presently so excessive as to require a revision.

*By the Court.*—Order affirmed.