SCHALL, Appellant, vs. SCHALL, Respondent.

*September 10—October 9, 1951.*

FRITZ, C. J. After the hearing pursuant to Elsie Schall's application on November 21, 1950, why the judgment entered May 31, 1949, should not be reopened and alimony for the wife determined, Judge DARLING stated:

"While the record in this case 'speaks for itself,' it seems advisable, to me, to set forth briefly the history of this action before addressing the issues now presented to the court for determination. With such historical facts recalled, I think it will then be legitimate to speculate as to the considerations which prompted the court to make the determination from which the present proceedings flowed. Certain of these facts would, it seems to me, refute the contention that plaintiff 'was represented throughout the entire trial by competent counsel' and would make it practically self-evident that plaintiff's circumstances, occupation, and residence were so unclear that at the time of the hearing an award to his wife of alimony, out of his estate, would be a determination made solely on arbitrary considerations, and not based on a determination which the court must 'deem just and reasonable.' "

Because of the reasons thus stated by Judge DARLING, at the time of the hearing which resulted in the judgment entered on May 31, 1949, he was warranted in providing in the judgment entered on May 31, 1949: "That the matter of alimony is left to the further determination of the court." By reason of this provision in the initial judgment, in so far as the court thereby expressly reserved for an indefinite time the determination of the question of alimony and making an award thereafter, that judgment was in that respect an interlocutory judgment within the provision in sec. 270.54, Stats., which reads:

" . . . In case of a finding or decision substantially disposing of the merits, but leaving an account to be taken, or issue of fact to be decided or some condition to be performed, in order fully to determine the rights of the parties, an inter-

locutory judgment may be made, disposing of all issues covered by the finding or decision, and reserving further questions until the report, verdict, or subsequent finding."

As there was no such interlocutory judgment in such cases as *Hannon v. Hannon,* 230 Wis. 620, 284 N. W. 499; *Bassett v. Bassett,* 99 Wis. 344, 74 N. W. 780, they are not in point.

As the propriety of that provision in the judgment entered on May 31, 1949, was not then or thereafter objected to, or even questioned, by either party, Judge DARLING was duly and rightly warranted in concluding and stating in his decision: "That the matter of alimony is left to the further determination of the court."

Thus in view of that provision in said judgment, the matter of the court awarding alimony to the defendant was expressly and duly reserved for further consideration and determination by the court as authorized under sec. 247.26, Stats.

In relation to that statute, we stated in *Gray v. Gray,* 240 Wis. 285, 286, 3 N. W. (2d) 376:

"This section, formerly authorizing the court to allow alimony to the wife 'or' to divide and distribute the real and personal estate of the husband, was changed to read: 'The court may further adjudge to the wife such alimony out of the estate of the husband, for her support and maintenance, . . . as it shall deem just and reasonable, *and* the court may finally divide and distribute the estate, both real and personal, of the husband. . . .' The influence, in construing the statute, of the change from the word *'or'* to *'and'* is controlling. It is too significant of intended broadening of the court's power to permit us to follow the old and limited rule.

"The apparent inconsistency between sec. 247.26 and sec. 247.32, Stats., disappears if the restriction in the last sentence of the latter section, reading: 'But when a final divi-

sion of the property shall have been made under the provisions of section 247.26, no other provisions shall be thereafter made for the wife,' is applied only to the portion of the judgment which provides for a division of estate. The two sections may then be read together and each have the effect the legislature was intending to secure in changing the structure of sec. 247.26 from the disjunctive to the conjunctive. In other words, although a judgment may now include both types of provisions, a judgment providing only for final division of property may not thereafter be modified to substitute therefor or to include therein a provision for alimony. . . . The provision for alimony may be revised from time to time but the division of the estate is fixed for all time. Sec. 247.32, Stats."

As in the case at bar there is in the interlocutory judgment the provision for a final division of property and also the provision that the matter of alimony was left to the further determination of the court, there is applicable in this case the statement in *Dillon v. Dillon,* 244 Wis. 122, 133, 11 N. W. (2d) 628:

"Consequently, as until such a final division has been adjudged, the court may, even in the absence of an express reservation for that purpose in the initial judgment, thereafter adjudge a final division, it was certainly not beyond the court's power to expressly reserve for further consideration and determination the question of a final division of the property or the allowances to be made to plaintiff herein as alimony."

Consequently, it was not beyond the power of the court to determine as it did the amount of the alimony to be paid to the defendant by the plaintiff.

*By the Court.*—Order affirmed.