ANDERSON, Appellant, v. ANDERSON, Respondent.

*September 10—October 6, 1959.*

134

For the appellant there was a brief and oral argument by *Lilian M. Kohlmetz* of Milwaukee.

For the respondent there was a brief and oral argument by *Benjamin P. Galin* of Milwaukee.

CURRIE, J. The two issues on this appeal are:

(1) Is the provision contained in the original divorce judgment requiring the defendant to pay $72,000 to the plaintiff in reality one for alimony although labeled a property division?

(2) Did the trial court abuse its discretion in directing the return of the children to Milwaukee and reducing the monthly payments of support money?

*The Property-Division Issue.*

In the absence of any claim that the property-division provisions of the judgment were the result of the defendant's

mistake, inadvertence, surprise, or excusable neglect, the jurisdiction of the trial court to review the same expired sixty days after the term at which such judgment was rendered. Sec. 269.46 (3), Stats. As pointed out in *Gray v. Gray* (1942), 240 Wis. 285, 287, 3 N. W. (2d) 376, under the provisions of sec. 247.32, a provision in the judgment for alimony may be revised from time to time, but the division of estate is fixed for all time.

The learned trial court grounded his determination, that there should be a modification of the property-division provisions of the judgment, upon the theory that the requirement that the defendant pay the gross sum of $72,000 was in reality a provision for alimony, and, therefore, subject to revision under sec. 247.32, Stats. The case of *Lally v. Lally* (1913), 152 Wis. 56, 138 N. W. 651, was cited as authority for such a conclusion.

The provision in the divorce judgment in the *Lally Case*, which was sought to be modified after the expiration of the term in which entered, read as follows: "that the defendant, his heirs, executors, and administrators, pay or cause to be paid to the plaintiff during her natural life or until she shall remarry the sum of $3,600 per year, payable in equal monthly instalments of $300 on the first day of each and every month during such term, said payments to be made and accepted as a full, absolute, and final division of the estate of said parties." The judgment further provided that upon failure of the defendant to make such payments, the plaintiff might apply to the court for an order of enforcement. By a four-to-three decision, the supreme court held that it was one for alimony, and not a division of estate, although so labeled. The rationale of such holding is as follows (p. 59) :

"Tested by the statutes and decisions they [the aforequoted judgment provisions] are all essential characteristics of a judgment of alimony, to wit, monthly payments, ceasing

upon death or remarriage and enforceable by further application to the court."

This court, in referring to the *Lally Case,* in *Friedmann v. Tax Comm.* (1940), 235 Wis. 237, 242, 292 N. W. 894, made it plain that it was the provision in the judgment which terminated the husband's payments upon the death or remarriage of the wife which caused the court to hold that the judgment provided for alimony and not a property division. The provisions for the payment of the $72,000 in the instant case are readily distinguishable from those in the *Lally Case.* This is because there is no provision here for the monthly payments to end upon death or remarriage of the wife. If on the death of the instant plaintiff any balance of the $72,000 remained unpaid, the same would constitute an asset of her estate which she could bequeath by will, if she so desired.

A similar case to the *Lally Case* came before the court in *Norris v. Norris* (1916), 162 Wis. 356, 156 N. W. 778. Under the divorce judgment the plaintiff wife was awarded $75 per month during her life or until she remarried. It was expressly provided that she was to have "no other or further right, title, or interest, or claim of any kind whatsoever against said defendant in or to his property." Again the court divided four to three in holding on authority of the *Lally Case* that this was a provision for alimony and, therefore, subject to be revised after the expiration of the term in which entered. The three dissenters were of the opinion that the judgment provided for a property division and not for alimony. However, Mr. Justice BARNES, speaking for the majority, made it very clear that the *Lally Case* did not apply to a fact situation such as confronts us here, because his opinion declares (p. 358) :

"We do not wish to be understood as deciding that a circuit court may not fix a specific sum to be paid in instalments or in gross and render a final judgment under sec. 2364,

although the amount fixed might even exceed the value of the property then possessed by the husband, nor is the *Lally Case* to be construed as so holding. What we do decide is, that where no definite sum in the aggregate is fixed by the divorce judgment and where the duration of the period over which payments are to extend is subject to the contingency of remarriage or death, such judgment, however labeled, is one for alimony."

The case of *Towns v. Towns* (1920), 171 Wis. 32, 176 N. W. 216, is authority for the principle that a gross sum in money, part of which is payable in monthly instalments, properly may be awarded to the wife as a division of estate. In that case the judgment awarded the wife $2,400, $1,000 of which was payable forthwith and the balance in monthly instalments of $50 each, as a complete and final division of estate. The court held that this was a property division and, therefore, could not be modified after the term in which entered.

The strongest argument advanced in behalf of the instant defendant husband, that the provisions with respect to the $72,000 awarded the plaintiff wife constituted alimony, is that such sum exceeded the total assets of the parties subject to division. However, no authorities are cited in support of such contention. The $72,000 was payable over a twenty-year period and the present value thereof on a three per cent discount basis is $54,904.20. If a four per cent discount basis were used such present value would be even less. The total value of the assets owned in joint tenancy, less the mortgage incumbrance, together with those owned by the defendant husband did aggregate approximately $55,000. We, therefore, find it unnecessary to pass on the question of whether, if the present cash value of the sum required to be paid the wife in instalments, in lieu of awarding her assets in kind, had exceeded in value the total estate subject to division, such a provision would constitute one for alimony and not a division of estate. If the amount so required to be

paid to the wife is excessive in amount, there would seem to be justification for holding that it constituted an irregularity which could only be attacked by a motion to modify made within the term, or by a timely appeal. On this point, see *Steinkopf v. Steinkopf* (1917), 165 Wis. 224, 161 N. W. 757.

Counsel for the defendant advances the further argument that the plaintiff, by seeking to have the defendant punished for contempt, because of being in arrears in making the semi-monthly payments to apply on the $72,000, recognized that the provisions for such payments constituted alimony. It is asserted that her proper remedy would have been by levy of execution if such payments were due as a property division. There is authority in other jurisdictions that such instalment payments may be enforced by contempt proceedings as well as by execution. 27B C. J. S., Divorce, pp. 376 *et seq.*, sec. 300 (3). In *Zuehls v. Zuehls* (1938), 227 Wis. 473, 278 N. W. 880, this court construed sec. 295.01 (3), Stats., as not permitting contempt to be used to enforce payment of a single gross sum directed to be paid by a divorce judgment. Apparently it is an open question in Wisconsin whether contempt will lie to enforce instalment payments constituting part of a property division. However, we are satisfied that even if the plaintiff did attempt to employ the wrong remedy to collect the arrearages, such action is wholly immaterial to the issue before us. The parties by their actions subsequent to the judgment cannot convert a provision for property division into one for payment of alimony. This is not a proper situation to give weight to any practical construction by the parties.

It is our considered judgment that the judgment provisions requiring payment of the $72,000 over a twenty-year period constituted a division of estate. Therefore, the trial court lacked jurisdiction to modify them after the expiration of the term in which the judgment was entered.

*Modification of Judgment With Respect to Children.*

The trial court has the jurisdiction at any time to modify those provisions of a divorce judgment relating to the maintenance and custody of the minor children of the parties. Secs. 247.24, 247.25, Stats. The court retains such jurisdiction even in a situation where the children are subsequently domiciled outside of the state. *Brazy v. Brazy* (1958), 5 Wis. (2d) 352, 92 N. W. (2d) 738, 93 N. W. (2d) 856. Where such a modification is subsequently made, as in the instant case, the question on appeal is whether there has been an abuse of discretion.

There was ample evidence presented that the defendant's financial condition had deteriorated during the two-year period subsequent to the original judgment. We find no abuse of discretion in that part of the order appealed from which reduces the payment of support money from $200 to $160 per month.

The question with respect to whether there is an abuse of discretion, in directing that the children be returned to Wisconsin from Acapulco, is dependent upon whether a material change in circumstances has occurred subsequent to judgment which would warrant the trial court in making such modification of the custody provisions of the judgment. *Hill v. Hill* (1950), 257 Wis. 388, 391, 43 N. W. (2d) 455.

The son of the parties had contracted polio in late February or March, 1955, and he was taken to Acapulco by Mrs. Anderson because it was thought that the warm climate would aid his recovery. This is the reason the original judgment permitted her to move to Acapulco with the children. The boy has now sufficiently recovered that the brace has been removed from his leg and he is able to walk alone. During certain seasons there is much rain and dampness at Acapulco that causes the children there to have colds. Educational facilities are not as good there as in Milwaukee.

The defendant's financial condition does not permit him to visit the children in Acapulco.

The recovery of the boy from polio is a sufficient material change in circumstances to warrant the court in directing that the children be returned to Milwaukee to live. Both children will some time have to earn their own living and the educational facilities at Milwaukee will afford better training therefor than can be provided at Acapulco. Furthermore, the children should have the benefit of seeing and associating with their father, which is impossible while they remain at Acapulco. A further reason for their return to Milwaukee is that opportunities for gainful employment at a proper remuneration when they reach maturity are greater in Milwaukee than Acapulco.

We find no abuse of discretion in the trial court's determining that the best interest of the children requires that they be returned to Milwaukee to live. The best interest of the children is always the paramount and controlling consideration. *Subrt v. Subrt* (1957), 275 Wis. 628, 633, 83 N. W. (2d) 122, and *Dodge v. Dodge* (1955), 268 Wis. 441, 444, 67 N. W. (2d) 878.

## Disposition of the Appeal.

The court has given careful consideration to the type of mandate to be entered on this appeal. Ordinarily, in a case of this kind where part of the action taken by the trial court is disapproved and part is approved, it is a simple matter to direct which parts of the order or judgment are reversed and which affirmed. Here the objectionable portions of the order are so intertwined with those which are proper that we find this to be a most-difficult task. For example, the order merely lumps the arrearages in payments of support money with those due under the property division and relieves the defendant from the whole. Furthermore, further proceed-

ings may be necessary to be had in connection with the plaintiff's attempt to collect the arrearages in payments due under the property division. We, therefore, deem it advisable to reverse the order and remand the cause so that a proper order may be entered with respect to the defendant's applications to modify the judgment, and so that such further proceedings may be had which are not inconsistent with this opinion.

*By the Court.*—Order reversed, and cause remanded so that a proper order consistent with this opinion may be entered upon the defendant's applications to modify the divorce judgment, and for such further proceedings as shall not be inconsistent with this opinion.