**In re Kenneth David MOHRLOK, Bankrupt.**

**Janet S. KRUGER (Mohrlok), Plaintiff,**

**v.**

**Kenneth David MOHRLOK, Defendant.**

**Bankruptcy No. 79–50029–B–SW.**

United States Bankruptcy Court,
W. D. Missouri,
Southwestern Division.

Jan. 15, 1980.

William J. Fleischaker, Joplin, Mo., for plaintiff.

John W. Tiede, Webb City, Mo., for defendant.

### ORDER DETERMINING DEBT NONDISCHARGEABLE

FRANK P. BARKER, Jr., Chief Bankruptcy Judge.

The issue presented is whether or not a judgment entered by court of competent jurisdiction dissolving the marriage of

plaintiff and defendant and containing provisions for support and a division of property is dischargeable under Section 17a(7) of the Bankruptcy Act.

The parties were divorced in the State of Wisconsin, where they resided in August, 1975. The record in this Court indicates that under Wisconsin law there is first a proceeding before a Family Court Commissioner attended by the parties and their counsel, wherein a stipulation is entered into covering all matters pertaining to alimony, support, maintenance and a division of property. This stipulation is then filed with the court. The divorce action then proceeds before the judge of the family court, who makes findings of fact and conclusions of law and then enters a judgment. In this particular case, the stipulation, findings of fact and conclusions of law and judgment are practically identical insofar as the issues before this Court are concerned.

The Wisconsin court found that Janet Mohrlok, at the time in question, was by occupation a homemaker, was not gainfully employed and that there was one minor child. The court also found that the bankrupt was earning and is capable of earning in excess of $18,600.00 per year. The judgment required the bankrupt to pay $150.00 per month for the support of the minor child in bi-monthly payments through the Office of the Clerk of the Court, to continue certain medical benefits, etc. until the child reached majority. Paragraph 3 of the judgment required the residence to be sold and from the proceeds of the sale to pay off the mortgage to the Twin City Savings and Loan Association, next to pay some $5,000.00 of general obligations of the parties, to pay the wife's attorney fees and then to split any balance 50/50 between the parties and "such distribution of the proceeds shall constitute a part of the full, final and complete division of the property and estate of the parties, in lieu of all alimony, temporary or permanent, which is agreed to herein."

The next paragraph, in subparagraphs a, b, c, d and e, pertains to which party shall have certain furniture, furnishings, appliances, insurance policies, etc.

Paragraph 4 f is the bone of contention and is set out herein *in haec verba*:

"That as a part of such full, final and complete division of the property and estate of the parties, and in lieu of all alimony, temporary or permanent, the plaintiff herein shall be awarded the principal sum of Forty-eight Thousand Four Hundred and 00/100 ($48,400.00) Dollars, payable in periodic payments of $400.00 per month for a period of 121 months, in semi-monthly installments of $200.00 on the first and sixteenth days of each month, beginning on the sixteenth day of the month in which judgment is rendered if judgment is rendered between the first day and the fifteenth day of such month, or on the first day of the month following judgment if judgment is rendered between the sixteenth day and the last day of the month, whichever shall apply, and continuing on the first and sixteenth days of each month thereafter until the sum of $48,000.00 shall have been paid in full. Such payments shall be made through the office of the Clerk of Courts, Winnebago County, Wisconsin. It is the intent of this provision to qualify the principal sum and periodic payments under IRC Section 71(c), Reg. 1.71–1(d)."

Paragraph 5 of the judgment pertains to three large life insurance policies that the bankrupt was required to keep in force, and it appears that they collateralized the $48,400.00 sum.

The judgment concludes with the order "that disobedience of this judgment in respect to payment of support money and other payment required of the plaintiff is punishable under Section 295.03 of the Wisconsin Statutes by commitment of said plaintiff to the County Jail . . . until such judgment is complied with . . .."

It appears that this judgment is final, unappealable and not subject to modification nor may it be voided by the death or remarriage of the plaintiff.

Plaintiff contends that the agreement is a legally enforceable duty to provide for her

support; defendant contends that the marital settlement agreement indicates that the nature of the obligation was a property settlement and, consequently, dischargeable under applicable state law. An examination of the stipulation, the findings of fact and the judgment are unambiguous and clear. Consequently, the intent of the parties must be ascertained by an examination of these documents. It is not necessary to introduce extrinsic evidence.

The bankrupt claims that under Wisconsin law, a judgment for payments of alimony or support may be later modified by the court if a change in circumstances of the parties can be shown. On the other hand, if the judgment is deemed to be that of a final division of property, the judgment is not modifiable. I believe this to be the general law, but it makes no difference in this instance inasmuch as this Court is bound by the terms of Section 17 of the Bankruptcy Act. To put it another way, if there is a division of property which may or may not be subject to modification but which is for the support of the wife, then the debt is not dischargeable.

I find and conclude from the evidence before me that the intent of the parties and of the Wisconsin court at the time of the divorce was to fix the bankrupt's legal duty of support in the form of a lump sum settlement obligation and not to divide property.

The judgment entered in the divorce proceeding is very explicit, lengthy and unambiguous. The drafter of the document obviously tried to "touch each base". The one clause that would have prevented this law suit, however, was omitted—that being a reference to § 17 of the Bankruptcy Act one way or another. Perhaps he thought it unnecessary under the facts presented.

Under § 17a(7) of the Act, alimony due or to become due, or maintenance or support payments for a 'wife or child are not dischargeable in bankruptcy. While the law is clear that obligations in the nature of a property settlement are dischargeable, whereas support and maintenance are not, the Court must determine the intent of the

parties from the judgment entry when bankruptcy occurs.

In *Remondino v. Remondino*, 41 Cal. App.2d 208, 106 P.2d 437 (1947) the court reasoned:

"If, upon a consideration of the entire transaction the Court determines that the purpose of the judgment for support money is to guarantee the economic safety of the wife by the husband, then his discharge in bankruptcy does not affect his liability under the judgment."

It seems obvious to me that the periodic payments for ten years and one month were intended for the wife's support and the husband would get the tax benefit. Judge Dean Gandy of the Bankruptcy Court for the Northern District of Texas termed it "alimony substitute". In the matter of *Ralph Gail Hodges*, 4 Bankr.Ct.Dec. 966 (1975). Although a Texas case, the facts are almost on "all fours" with the instant case and I fully concur with Judge Gandy's conclusions of law.

The facts of this case are different from *Walder v. Walder*, 2 Bankr.Ct. Dec. 1205 (1976) W.D.Wisc. In that case, the court found that $30,000 payable over nine years in monthly installments was a division of property. However, in the settlement agreement, the wife received $50.00 per week as alimony and $25.00 for a minor child for a period of two years and "as a full, final and complete division of property of the parties", the wife would be awarded $30,000.

The bankrupt relies basically on the point that alimony judgment cease upon death or remarriage and may be later modified because of changed circumstances whereas a property settlement can be a final division of property, not subject to modification and payable whether or not the spouse dies or remarries, citing cases.

I have no quarrel with this general observation, subject to the provisions of § 17a(7) of the Bankruptcy Act. The point being that despite the language of the agreement or the judgment, if the debt is for "alimony due or to become due, or for

maintenance or support of wife or child", it is not dischargeable.

Accordingly, defendant's reliance upon *Anderson v. Anderson*, 8 Wis.2d 133, 98 N.W.2d 434 (1959), *Norris v. Norris*, 162 Wis. 356, 156 N.W. 778 (1912), is misplaced. The above cases do provide guidelines for alimony and property divisions upon divorce, but do not control dischargeability under the Bankruptcy Act.

■■ Under the Wisconsin law as well as most other state laws, a spouse's obligation to support a wife and minor children can be by way of a lump sum or installment payments. Insofar as dischargeability is concerned, if the debt arose in discharge of a legally imposed duty of support, whether by way of lump sum or periodic installment payments, such debt is not dischargeable in bankruptcy.

■ From all the facts before me at the time of the judgment including the recitations and findings contained therein and upon due consideration of the arguments of both counsel as recited in their helpful briefs, I conclude that the judgment for $48,400.00 is not dischargeable because the debt is for support of plaintiff. See also *In the Matter of Theodore F. Melichar*, Bankr.Ct. Dec. 1715 (1977). Under the facts here, no other conclusion is reasonable. Plaintiff was an unemployed housewife with one minor child for whom she was to receive $150.00 a month. The home was to be sold, liens and other bills paid and the parties would split the small equity. The only possible meaning of the installment payments of $400.00 a month is that it was intended to be for the support of plaintiff. The substance of the agreement should control.