FRIEDMANN, Respondent, vs. TAX COMMISSION and another, Appellants.

*June 3—June 20, 1940.*

For the appellants there was a brief by the *Attorney General* and *Harold H. Persons,* assistant attorney general, and oral argument by *Mr. Persons.*

For the respondent there was a brief by *Kaumheimer, Alt & Likert,* attorneys, and *Miller, Mack & Fairchild* of counsel, all of Milwaukee, and oral argument by *Leon E. Kaumheimer.*

ROSENBERRY, C. J.    The question for decision is whether net taxable income of the trust set up by a husband pursuant to divorce decree which is distributed to his wife for her support and maintenance is taxable to the husband.   This requires us to determine whether the divorce decree provided for a final division of the estate between the parties to the divorce or whether it merely awarded alimony to the wife.

Sec. 247.26, Stats. 1933, provided:

"Upon every divorce . . . the court may further adjudge to the wife such alimony out of the estate of the husband, for her support and maintenance, and such allowance for the support, maintenance and education of the minor children committed to her care and custody as it shall deem just and reasonable, or the court may finally divide and distribute the estate, both real and personal, of the husband and so much of the estate of the wife as shall have been derived from the husband, between the parties and divest and transfer the title of any thereof accordingly, . . . but no such final division shall impair the power of the court in respect to revision of allowances for minor children under section 247.25. . . ."

Sec. 247.26, Stats. 1935, is the same as the above-quoted provision of the statutes of 1933 except that the word "or" following the word "reasonable" has been deleted, and in its stead the word "and" has been inserted. This amendment was effected by sec. 1, ch. 379, Laws of 1935, which took effect on August 17, 1935.

Sec. 247.31, Stats. 1931, provided:

"The court may also appoint a trustee, when deemed expedient, to receive any money adjudged to the wife upon trust, to invest the same and pay over the income thereof for her maintenance or the maintenance and education of the minor children or any of them, or to pay over the principal sum in such proportions and at such times as the court shall direct. The trustee shall give such bond, with such sureties as the court shall require, for the faithful performance of his trust."

The parties were possessed of considerable wealth, and on January 3, 1935, a stipulation was entered into according to the terms of which the wife was to have the custody of the two minor daughters, to receive certain real estate, the husband to have certain other real estate and a trust set up for the benefit of the wife and children. The husband was to transfer certain shares of stock and pay certain sums of

money to the Marine National Exchange Bank as trustee for the wife; the husband was to take out a $100,000 insurance upon his life, payable to the trustee for the uses of the trust and the stipulation further provided—

"that said division and distribution of the estate, real and personal, of Max E. Friedmann shall be final and permanent."

The decree of divorce confirmed the distribution of the estate in accordance with the terms of the stipulation, a trust instrument was drawn and executed and in the decree of divorce it was provided:

"It is further ordered, adjudged and decreed that the provisions for the plaintiff and said daughters, minor children of the parties hereto, as set forth in the stipulation and trust indenture attached hereto, are in lieu of all alimony and other provisions for the support of the children of the parties hereto and that said division and distribution of the estate, real and personal, of the defendant, shall be final and permanent as soon as the parties hereto shall have paid, transferred and set over the money, properties and effects to the persons entitled thereto in accordance with the terms of such stipulation."

No claim is made that the terms of the stipulation, the decree, and the trust instrument were not fully performed. Since the establishment of the trust the wife has remarried. The first contention of the defendants is that the divorce decree constituted a judgment for alimony, and the trust provided for therein was a mere security for plaintiff's obligations. It is considered that this contention cannot be sustained. The husband parted with the title to a part of his real estate and to a substantial part of his personal estate. It is true that the greater part of the personal estate was conveyed to the trustee who was to administer the trust in accordance with the terms of the trust instrument. The husband, however, retained no control over the trust *res*. While under the terms of the stipulation if the wife died

and the children died leaving no heirs, the property was to revert to him, that was merely a right contingent upon the happening of a future event and gave the husband no control over the trust *res*. A consideration of the trust instrument leaves no doubt in our minds that it constituted a final division of the estate of the parties between them. The fact that the wife stipulated that her share of the estate should be placed in trust for her benefit and to secure the support of the minor children in no way affected the matter of final division of the estate between the parties.

It is considered that the decree in this case made a final division of the estate of the parties between them in accordance with the law as laid down in *Lally v. Lally* (1913), 152 Wis. 56, 138 N. W. 651. The provision made for the wife by the judgment of divorce in this case was not subject to modification or control by the court. The provision for the wife could not be affected by her remarriage and in event of her death the trust *res* devolved upon her children. While a judgment for alimony is executory, under the facts of this case a final division of the property between the parties was entered into, fully executed and all the property rights of the parties thereto fully vested. The fact that the husband entered into an agreement to maintain the corpus of the trust in no way affects the finality of the division. His obligations after the entry of the judgment were referable not to the marital status of the parties but to the obligations of the parties under the contract. They no more affect the final division of the estate of the parties than does a warranty in a deed conveying lands to the trustee or directly to the wife.

The defendants rely upon *Douglas v. Willcuts* (1935), 296 U. S. 1, 6, 56 Sup. Ct. 59, 80 L. Ed. 3; *Helvering v. Fitch* (1940), 309 U. S. 149, 60 Sup. Ct. 427, 84 L. Ed. 665, and other similar cases. The facts in this case clearly differentiate it from the cases upon which defendants rely. We

shall not analyze or discuss all of the cases. *Douglas v. Will-cuts, supra,* is typical of the rest. Douglas entered into a trust agreement pursuant to the terms of which he transferred certain securities to a trustee who was to pay certain specified amounts of the income to his wife, Douglas agreeing to make up any deficiencies therein. The parties stipulated and the divorce decree subsequently entered adjudged that the trust arrangement was in lieu of all other alimony or interest in the property or estate of the defendant. The decree did not purport to make a final division of the estate between the parties and the supreme court of the United States held that under the decision of the supreme court of the state of Minnesota—

"that the district court in exercising this authority is not precluded by stipulations and agreements of the parties, entered into pending the action (but not void by reason of having been made to facilitate the decree of divorce), from making such provision for the wife as the court may deem appropriate. Such stipulations or agreements do not control the court. The court may adopt or reject them as it deems best in the light of the situation of the parties."

The law of Minnesota in this respect is fundamentally different than the law of this state. Sec. 247.26, Stats. 1933, provides that the court may award the wife alimony or the court may finally divide and distribute the estate both real and personal. In this state the distinction between the two types of provision is that alimony orders are subject to revision in the event the circumstances of the parties should change, but a judgment making final division of the husband's estate cannot be modified after the term at which the judgment was entered. *Bacon v. Bacon* (1877), 43 Wis. 197; *Kistler v. Kistler* (1910), 141 Wis. 491, 124 N. W. 1028; *Hannon v. Hannon* (1939), 230 Wis. 620, 284 N. W. 499.

The parties having stipulated that the provisions made were a final division of the estate between the parties, and

the court having so decreed, the provision made for the wife was not in the nature of alimony but a final division of the estate of the parties, and that part of the income from the trust *res* payable to the wife was the income of the wife and not the income of the husband.

Defendants further contend that under secs. 247.25 and 247.32, Stats. 1933, the court might review and alter the judgment so far as it relates to the care, maintenance, and education of the children, and therefore that the husband's obligations were not discharged by the creation of the trust. That is quite true, but we have under consideration not the provisions made for the children but the provision made for the wife, and it is the income from that provision that is sought to be taxed in this case. The provision, however, authorizing the court to modify the decree with respect to the care and maintenance of the children in no way affects the provision made by the court for the wife or gives the court any power to alter or modify it after the expiration of the term at which the judgment was entered. The judgment as to her is final and conclusive.

*By the Court.*—The judgment appealed from is affirmed.