## FRIEDMANN v. COMMISSIONER OF INTERNAL REVENUE.

### No. 8581.

Circuit Court of Appeals, Seventh Circuit.
Dec. 1, 1944.

Leon E. Kaumheimer and Frederic Sammond, both of Milwaukee, Wis., for petitioner.

Samuel O. Clark, Jr., Sewall Key, I. Henry Kutz and A. F. Prescott, Asst. Attys. Gen., and J. P. Wenchel and John W. Smith, both of Washington, D. C., Bureau of Internal Revenue, for respondent.

Before EVANS. SPARKS, and MAJOR, Circuit Judges.

EVANS, Circuit Judge.

Petitioner's income tax liability for the years 1935, 1936, and 1937 is the subject matter of this appeal. More specifically, controversy is over the income from a trust which petitioner created when he was divorced, January 7, 1935, and a property settlement was made with his wife. The Commissioner assessed against him the income from this trust. The United States Tax Court reduced the amount of his taxable income from this trust to $13,550 per year. This appeal followed.

The Facts. Freda J. Friedmann brought suit against her husband, Max E. Friedmann, for a divorce. A decree was entered in the Waukesha-County Circuit Court, in her favor. The final property division which was a part of the divorce decree, followed an agreement which the parties made.

At the same time, and as part of the property settlement, a trust was created by the husband which was "in lieu of all alimony and other provision for the support of the children of the parties hereto" and it was further provided that "the said division and distribution of the estate, real and personal, of the defendant shall be final and permanent." There were two daughters. The decree provided for their care. It provided that the wife "pay out of the income from the trust estate heretofore provided for, all expenses for the support, maintenance and education of said daughters."

In this court, as in the Tax Court, petitioner makes two contentions. First, he denies all tax liability for the income of this trust over $3,550 which sum was accepted as a reasonable amount for care and support of his children. Secondly, as an alternative, he denies liability for a tax on this income above $10,000. In other words, the $3,550 which was paid for the support of the two children, may not be added to the maximum liability of the guaranteed $10,000 income.

By the trust indenture, taxpayer conveyed to the trust, 2,250 shares of preferred stock of the Ed. Schuster & Co., a Wisconsin corporation, a $100,000 life insurance policy, and $25,000 cash. All the income of the trust was to be paid to the wife during her life and from that income she was to support the two children.

Of controlling importance was the provision whereby the settlor, the petitioner, guaranteed an income of $10,000 a year.[1] Should the trust income from the stock subsequently exceed $15,750 a year, taxpayer was to be reimbursed for payments he made upon his guarantee of $10,000 a year.

Taxpayer had no beneficial interest in this trust unless he outlived his wife, his two daughters, and their issue, if any. In case of the death of the wife and after the daughters reached twenty-one, they were to receive the income; upon reaching twenty-six, each was to receive one-half of her share of the corpus, and upon reaching thirty-one, each would receive the remaining half of the corpus.

The trust could be amended upon the consent of the husband and wife.

Other important provisions of the trust indenture are set forth in the margin.[2]

"ARTICLE IV.

[1] "(A) The Settlor * * * agrees that, if dividends aggregating at least * * * $10,000 * * * are not paid upon said preferred stock of Ed. Schuster & Co., * * * in any one calendar year during the lifetime of the Settlor, he will pay to the Trustee the difference between the dividends, if any received on said preferred stock and * * * $10,000. In the event * * * Settlor is required to pay any money to the Trustee on account of such guaranty and thereafter arrears on accumulated dividends on said preferred stock are paid, the Trustee shall, out of such payments received on account of arrears on accumulated dividends, first reserve sufficient of such dividend moneys which, when added to the payments made by the Settlor, will equal the sum of * * * $15,750 * * * a year, (being the annual dividend accrual on said preferred stock) for each of said years; the difference between the payments received on account of arrears on accumulated dividends by the Trustee and the amounts retained by the Trustee as hereinbefore provided shall be paid out by the Trustee to the Settlor to be applied by him on such advances made by him by reason of such guaranty; * * * it being the intent and purpose that the Trustee shall not have or retain for the trust estate more than an aggregate of * * * $15,750 per annum from the combined dividends on said preferred stock and the payments by the Settlor. Any sums received by the Trustee from the Settlor by virtue of such guaranty shall be treated by the Trustee as income of the trust estate. Bankruptcy or insolvency of said Ed. Schuster & Co., * * * shall in no wise relieve the Settlor from his agreement to pay the difference between the dividends, if any, received on said preferred stock and * * * $10,000 * * * per annum."

"ARTICLE II.

[2] "(A) The Trustee shall pay such income to said Freda J. Friedmann * * * during * * * her natural life in such approximately equal monthly installments; provided, however, that the Trustee shall first be satisfied that said Freda J. Friedmann has at such time suitably provided for the upkeep, maintenance and education of Freda Katerina Friedmann and Maxine Alberta Friedmann, minor daughters * * *.

"ARTICLE III.

"(A) The *Trustee is authorized and directed to retain* without any liability whatever for *decrease in the value of*

This identical trust was passed upon by the Wisconsin Supreme Court in the determination of Wisconsin Income Tax (Friedmann v. Tax Commission, 235 Wis. 237, 292 N.W. 894, 896, 132 A.L.R. 814), and it was there held the agreement constituted a final disposition of ·property. and termination of alimony and marital obligation of the petitioner. It was also held that the trust income was not taxable for Wisconsin income taxes, to the settlor. This decision is binding upon us so far as it holds the settlement agreement was a final one, unalterable by the courts after the passing of the term at which the divorce decree was entered approving the agreed disposition of the property.

It is not binding, however, in determining whether the Federal income tax law imposes a tax where a trust is set up to secure an obligation on taxpayer's part and contains a separate, additional, continuing indemnity or guaranty clause.

The Wisconsin Court held that such a provision did not make the income subject to Wisconsin income tax. The court said: "The fact that the husband entered into an agreement to maintain the corpus of the trust in no way affects the finality of the division. His obligations after the entry of the judgment were referable not to the marital status of the parties but to the obligations of the parties under the contract."

The Federal tax law, however, is different in respect to income tax· liability of a settlor of a trust of this character. It imposes a tax where the trust income is utilized in the payment of any obligation of the taxpayer. It is also held that any obligation includes marital as well as obligations for children's support.

The leading and the controlling decision was written in Helvering v. Leonard, 310 U.S. 80, 60 S.Ct. 780, 84 L.Ed. 1087. This case met with serious opposition from a minority of the Court at its birth. It has since received renewed approval by the Supreme Court. Pearce v. Commissioner, 315 U.S. 543, 62 S.Ct. 754, 86 L.Ed. 1016. It finds support in Helvering v. Fuller, 310 U.S. 69, 60 S.Ct. 784, 84 L.Ed. 1082; Helvering v. Fitch, 309 U.S. 149, 60 S.Ct. 427,

84 L.Ed. 665; and Douglas v. Willcuts, 296 U.S. 1, 56 S.Ct. 59, 80 L.Ed. 3, 101 A.L.R. 391. Many decisions of inferior courts have been based upon it.[3] We believe it is today unquestionably accepted as stating the law which determines who shall pay the Federal income tax on income derived from trusts created to meet the obligation of a husband to the wife from whom he is obtaining ˙a divorce, and who guarantees the trust will yield a designated income.

The indemnity provision of the trust agreement is the factor which indelibly stamps the trust agreement as one imposing a "continuing" obligation on petitioner's part, rather than a relief from, and cessation of, the continuing obligation of alimony and support of minor children. Had this trust, approved as it was by the official divorce counsel and the divorce court, contained only the provision "in lieu of alimony," there would have been a different factual situation. But taxpayer personally guaranteed the payment of $10,000 annually, should the trust income not reach that sum. That guarantee was a continuing obligation on his part—perhaps a very tenuous obligation, contingent at best, and in view of the size of the corpus and the character of the security, its enforcement was only a remote possibility. But the insubstantiality of the obligation, or the unlikelihood of its occurrence has no bearing on the legal issue of taxability to the obligor of trust income used to discharge such obligation. The holding in Helvering v. Leonard, 310 U.S. 80, 60 S.Ct. 780, 84 L. Ed. 1087, controls.

The incidental question in this case is even more troublesome than the major issue.

Should petitioner be held for taxes on more than the $10,000 a year income? Specifically stated, ought he, in addition to including the said $10,000, be subjected to an additional tax on the $3,550 which was required for the support of the two children?

Petitioner argues it is the wife's duty to devote the first $3,550 of the $10,000 covered by the .guarantee, to the support of the children. She can not, so he argues, first

---

such securities * * * preferred stock of Ed. Schuster & Co., * * * until said stock shall be redeemed by said corporation. The Trustee shall have no right to sell or otherwise dispose of said preferred stock * * * without the written consent of the Settlor, or unless no dividends shall be paid on said preferred stock for two (2) calendar years. * * *"

[3] See Shepard's United States Supreme Court Citator.

take the $10,000 for herself and then add $3,550 for the children. This would, in substance, be increasing his guarantee from a maximum of $10,000 to $13,550.

As to this contention, the Tax Court held that as there was no specific direction in the trust to take the amount required for the children, to-wit, $3,550, from the $10,000, the wife might take it out of the income over $10,000 and therefore the wife had no mandatory duty to deduct it from the $10,000 guaranteed income. In other words, the husband's guarantee and the father's obligation together made it necessary to include in his taxable income, the sum of $13,550.

Under the Wisconsin Supreme Court decision, the husband's obligation, so far as the children were concerned, was not, and could not, be discharged by the creation of the trust. The amount to be paid for support of the children could always be modified by the court. This was the father's legal obligation, and it could not be avoided or evaded by agreement of the parents of said children.

By his agreement with his wife, petitioner obligated himself at the time of the divorce, by the trust in question, to see that she received an income of $10,000. A legal liability to support the children, and a written agreement appearing in the trust, guaranteed petitioner's obligation to secure a $10,000 payment to his wife. Adding the two, we have the sum of $13,550 which petitioner was obligated to meet annually. Thus did the Tax Court reach its conclusion and include $13,550 in petitioner's taxable income for the years in question.

We reach a different conclusion (as to the $3,550) only because we construe the trust differently. Article II, in part, reads: "(A) The Trustee shall pay such income to said Freda J. Friedmann for and during the term of her natural life in such approximately equal monthly installments; provided, however, *that the Trustee shall first be satisfied* that said Freda J. Friedmann has at such time suitably provided for the * * minor daughters * *. If the Trustee shall determine that said Freda J. Friedmann has not applied sufficient of such income for the support, maintenance and education of said daughters, the Trustee shall thereafter make suitable provision for said daughters *out of such income and shall pay the balance of such income to said Freda J. Friedmann.*"

The conclusion is inescapable that petitioner and his wife made provision (and their agreement met the approval of the court) for the children's support. It was to be first paid from the income of the trust. By that trust, assets reasonably capable of producing an income in excess of the $10,000 guarantee and the $3,550 for the support of the children, were conveyed. In addition, by agreement, petitioner assumed a liability up to $10,000 a year, should the 7% preferred stock of Schuster Company fail to pay dividends. He did not guarantee the $10,000 *and also* the support of the children. We think it was clear that the sum of $3,550 for the support of the children, which he was legally obligated to make, was to be deducted from the $10,000 guarantee to the wife in case the preferred dividends failed.

The Tax Court erred in imposing a liability on petitioner for the years in question for an income yield of $13,550. The tax which petitioner should pay is limited to liability on his maximum guarantee of $10,000.

The order of the Tax Court is reversed, with directions to enter one in accord with the views here expressed.